IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS<br>Plaintiffs,<br><br>vs.<br><br>ACCOR ECONOMY LODGING d/b/a MOTEL 6<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) 01C 6329<br>)<br>) JUDGE JOAN H. LEFKOW<br>) Plaintiff demands trial by jury<br>) |



DOCKETED AUG 1 7 2001

## COMPLAINT

NOW COME the Plaintiffs, BURL MATHIAS and DESIREE MATHIAS, by and through their attorneys, LAW OFFICES OF PETER S. STAMATIS, P.C., and for their Complaint against ACCOR ECONOMY LODGING d/b/a MOTEL 6, state as follows:

### NATURE OF THE CASE

1. This action arises out of injuries sustained by Burl Mathias and Desiree Mathias during their stay at the Motel 6 located near Michigan Avenue and Ontario Street in Chicago, Illinois. Burl and Desiree were injured after they were severely bitten, while asleep, by insects known as *Cimex Lectularius* that had infested the motel room. As a result of these bites, Burl and Desiree have suffered from and continue to suffer physical and emotional injury.

### THE PARTIES

2. The Plaintiff, Burl Mathias, is an individual and citizen of Ontario, Canada.

3. The Plaintiff, Desiree Mathias, is Burl's sister and is also an individual and citizen of Ontario, Canada.

4. The Defendant, Accor Economy Lodging ("Accor"), is a Delaware Corporation with its principle place of business in Dallas, Texas. At all times relevant hereto, on information and belief, Accor owned, operated, and did business as Motel 6 at 162 East Ontario Street, Chicago, Illinois ("Motel 6").

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 in that the location of the incident was in the Northern District of Illinois and because this is an action between the citizens of a foreign country, Canada, and of a foreign state, Delaware. The amount in controversy of this matter exceeds the amount of $75,000 exclusive of interest and costs. This Court also has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. On or about November 4, 2000, Burl and Desiree traveled to Chicago to attend the Packaging Trade Show at McCormick Place. Sometime before their trip, Burl and Desiree reserved a room at the Motel 6 under reservation number 240085.

7. At approximately 2:00 p.m., Burl and Desiree arrived at the Motel 6 and checked in. Motel 6 employees selected room 504 ("the Room") for Burl and Desiree who left their belongings in the Room, did some sightseeing in downtown Chicago and went out for dinner. At approximately 1:30 a.m. on November 5, 2000, they returned to the Room and went to sleep.

8. Later that morning, Desiree Mathias awoke and noticed papules forming on her arms and body. While she was unaware of their origin, she noticed that the papules increased in number throughout the day and began to itch severely. Itching papules formed on Burl's body as well.

9. Later that evening, Burl Mathias inspected his bed prior to retiring and noticed two unidentified insects crawling on his sheets. Suspecting nothing, he killed them both with a tissue and discarded them in the toilet. Burl turned out the lights and went to sleep.

10. Sometime between 1:00 a.m. and 2:00 a.m. on November 6, 2000, Burl awoke and turned on the lights in the Room. He lifted his pillow and observed numerous small insects, later identified as *Cimex Lectularius,* scurrying about his sheets and bedding.

11. Horrified, Burl sprang up and discovered dozens of the blood engorged insects crawling about the inside of the bed where he previously lay.

12. Desiree also awoke, jumped up, pulled back the sheets on her bed and observed the same type of insects crawling inside her sheets. A closer inspection of the Room revealed the existence of the insects on both beds, the room's furniture and walls.

13. Both Burl and Desiree were bitten by the insects.

## **COUNT I – NEGLIGENCE**

1 - 13. Plaintiffs adopt and allege the allegations made in paragraphs 1-13 as though fully set forth herein.

3

14. At all times relevant hereto, it was the duty of Accor to maintain the Motel 6 in a safe and habitable condition and to keep it free from insect infestations, namely infestations of *Cimex Lectularius*.

15. Accor breached that duty when it, among other things, allowed an infestation of *Cimex Lectularius* (an insect known to carry disease, bite and suck blood from people while they sleep) to become established in room 504 of the Motel and still rented the Room to Burl and Desiree.

16. As a result of said action by Accor, Burl and Desire were injured in that, among other things, the insects bit them both and they suffered and continue to suffer physical and psychological injury.

WHEREFORE, Plaintiffs demand this Court enter judgment against Defendant, Accor Economy Lodging d/b/a Motel 6 and grant Plaintiff the following relief:

a. Actual damages in an amount in excess of $75,000;

b. Such other relief as may be just and proper.

## COUNT II – FRAUDULENT CONCEALMENT

1-16. Plaintiffs adopt and reallege paragraphs 1-16 as though fully set forth herein.

17. At all times relevant hereto, the Motel, through its employees and agents, was aware of the existence of insects in the Room, specifically a *Cimex Lectularius* infestation.

18. At all times relevant hereto, Burl and Desiree placed their trust and confidence in Motel 6 that the Motel would not place them in a room that posed a

4

physical danger to them. This placed Motel 6 in a position of influence over the Plaintiffs.

19. At all times relevant hereto, the Motel had a duty to disclose to Burl and Desiree the existence of any insects it was aware of in the Room, including but not limited to the *Cimex Lectularius* population.

20. At no time did the defendant or any of its employees or agents disclose the *Cimex Lectularius* infestation, a material fact to Burl and Desiree Mathias.

WHEREFORE, Plaintiffs demand this Court enter judgment against Defendant, Accor Economy Lodging d/b/a Motel 6 and grant Plaintiff the following relief:

a. Actual damages in an amount in excess of $75,000;

b. An award of punitive damages in an amount sufficient to deter Accor Economy Lodging from engaging in such deceptive practices in the future;

c. Such other relief as may be just and proper.


## COUNT III – THE ILLINOIS CONSUMER FRAUD ACT

1-20. Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

21. At all times relevant, there was in full force and effect a statute commonly known as the Consumer Fraud and Deceptive Practices Act (815 ILCS 505/2) which provides in pertinent part as follows:

Unlawful practices-Construction with Federal Trade Commission Act:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use of employment of misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such

5

material fact, or the use of employment of any practice described in section 2 of the Uniform Deceptive Trade Practices Act, approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

22. The Consumer Fraud and Deceptive Business Practices Act further provides:

> In any action brought by a person under this Section the Court may award, in addition to the relief provided in this Section, reasonable attorney's fees and costs to the prevailing party.

23. Accor Economy Lodging d/b/a Motel 6 violated the Consumer Fraud and Deceptive Practices Act when it placed Burl and Desiree in a room known by it, through its employees/agents, to be infested with insects, including but not limited to *Cimex Lectularius*.

24. As a direct and proximate result thereof, Burl and Desiree suffered damages which include, but are not limited to, the following:

    a. The physical injury they sustained by being placed in Room 504, a room infested with *Cimex Lectularius*;

    b. The psychological injury they sustained by being placed in Room 504, a room infested with *Cimex Lectularius*; and

    c. Attorneys fees sustained in prosecuting this action.

WHEREFORE, Plaintiffs demand this Court enter judgment against Defendant, Accor Economy Lodging d/b/a Motel 6 and grant Plaintiff the following relief:

    a. Actual damages in an amount in excess of $75,000;

    b. An award of punitive damages in an amount sufficient to deter Accor Economy Lodging from engaging in such deceptive practices in the future;

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

Burl Mathias & Desiree Mathias

**DEFENDANTS**

Accor Economy Lodging

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

ATTORNEYS (IF KNOWN)

DOCKETED
AUG 17 2001

01C 6329

JUDGE JOAN H. LEFKOW

MAGISTRATE JUDGE ASHMAN

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | LABOR | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | | FEDERAL TAX SUITS | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. 1331

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. This case**
☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____ previously dismissed by Judge _____

DATE 08-16-01

SIGNATURE OF ATTORNEY OF RECORD
Peter Stamatis (JLP)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Burl Mathias & Desiree Mathias
-v-
ACCOR Economy Lodging

Case Number: **01C 6329**

JUDGE JOAN H. LEFKOW

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiffs

MAGISTRATE JUDGE ASHMAN

**DOCKETED AUG 17 2001**

| (A) | (B) |
|---|---|
| SIGNATURE: Peter S. Stamatis | SIGNATURE: Robert Cummins |
| NAME: Peter S. Stamatis | NAME: Robert Cummins |
| FIRM: Law Offices of Peter S. Stamatis | FIRM: Cummins & Cronin |
| STREET ADDRESS: 77 W Wacker Drive Suite 4800 | STREET ADDRESS: 77 W Wacker Suite 4800 |
| CITY/STATE/ZIP: Chicago IL 60601 | CITY/STATE/ZIP: Chicago IL 60601 |
| TELEPHONE NUMBER: 606-0045 | TELEPHONE NUMBER: 578-6500 |
| FAX NUMBER: 606-0085 | FAX NUMBER: 578-1234 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [X] NO [ ] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [X] NO [ ] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE: | SIGNATURE: |
| NAME: | NAME: |
| FIRM: | FIRM: |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: | TELEPHONE NUMBER: |
| FAX NUMBER: | FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |