Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6329 | **DATE** | 2/13/2002 |
| **CASE TITLE** | Mathias vs. Accor Economy Lodge | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Decision. Defendant's motions to dismiss [15-1], [27-1], and [35-1] are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | FEB 1 5 2002 date docketed | 45 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 2/14/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BURL and DESIREE MATHIAS, )
)
Plaintiffs, )
)
vs. ) Case No. 01 C 6329
) Judge Joan Humphrey Lefkow
ACCOR ECONOMY LODGE d/b/a )
MOTEL 6, )
)
Defendant. )

DOCKETED
FEB 15 2002

## MEMORANDUM DECISION

This case arises out of injuries allegedly sustained by plaintiffs, Burl Mathias ("Burl") and Desiree Mathias ("Desiree"), during a stay at a Motel 6 located in Chicago. Plaintiffs are citizens of Ontario, Canada, and defendant, Accor Economy Lodging, Inc. ("Accor"), doing business as Motel 6, is alleged to be a Delaware corporation with its principal place of business in Dallas, Texas. Plaintiffs plead more than $75,000 in controversy, invoking the jurisdiction of this court under 28 U.S.C. § 1332(a)(2).[1] The six-count first amended complaint (herein, "complaint") alleges assault and battery of a business invitee (Count I), intentional infliction of emotional distress (Count II), fraud (Count III), negligence (Count VI) and gross negligence (Count V) under Illinois common law, and violation of the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/2 (Count IV). Plaintiffs seek compensatory and punitive damages. Defendant has moved to dismiss Counts I through V on the grounds that they fail to state claim

---

[1]Although the complaint also alleges jurisdiction under 28 U.S.C. § 1331, the complaint sets forth no claim arising under the constitution, laws, or treaties of the United States.

upon which relief may be granted under Illinois law.[2]

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir.1996).

## FACTS

The allegations, taken as true for the purpose of this motion, are as follows: Accor is the largest owner and operator of economy lodging properties in the United States with more than 1,650 motels, representing 122,000 motel rooms in the United States and Canada, approximately ten percent of the economy lodging sector of the United States market. Accor became aware of *Cimex Lectularius*,[3] as well as another blood sucking arthropod commonly called "ticks," at its Motel 6 located at 162 East Ontario Street in Chicago ("Motel 6") in 1999. Accor addressed the

---

[2] Plaintiffs correctly point out that defendant does not state the basis in the Federal Rules of Civil Procedure on which its motion is brought. It is plain, however, from the content of the motion that it relies on Rule 12(b)(6).

[3] Plaintiffs describe *Cimex Lectularis* as "a blood sucking arthropod, . . . most often associated with substandard housing, filthy conditions and poor hygiene. *Cimex Lectularis* lives in dirty mattresses, bedding, box springs, racks in bed frames, under loose wallpaper, behind picture frames and inside furniture and upholstery. It feeds exclusively on human and animal blood and typically lives up to 10 months. The insect commonly leaves brown fecal marks on bed sheets and has stink glands that leave an odor described by some as sickeningly sweet raspberries. Typically feeding ever four days, *Cimex Lectularis* sucks blood from its hosts with piercing mouthparts and often vomit[s] directly into its prey." (First Am. Compl. ¶ 9.)

problem by spraying insecticides in three specific rooms. In June of 2000, Motel 6 began experiencing more intense insect infestation, but Accor continued to address the problem on a room-by-room basis, even after an exterminator indicated that spraying would not eradicate the insects' eggs and larvae. Motel 6 took no action to eradicate eggs and larvae. By October, 2000, the infestation had spread throughout several floors of Motel 6 and many rooms had been placed on "do not rent" status. On October 27, insects were discovered in room 504 and it was removed from rental status. On November 4, Motel 6 was overbooked and almost every room was rented.

On November 4, Burl and Desiree, having previously made a reservation, checked in at approximately 2:00 p.m. Motel 6, knowing that Room 504 was uninhabitable, maliciously selected room 504 for the plaintiffs. Plaintiffs went to their room where they left their belongings and then left. They returned at approximately 1:30 a.m. on November 5 and went to bed. Later that morning Desiree awoke to find papulae[4] forming on her arms and body. As the day progressed, more papulae formed, causing severe itching. Burl also found papulae on his body. That evening, Burl inspected his bed prior to retiring and noticed two insects crawling on his sheets. Suspecting nothing, he killed them and went to sleep. Sometime between 1:00 and 2:00 a.m. on November 6, Burl awoke and turned on the lights. He lifted his pillow and found numerous small insects, later identified as *Cimex Lectularius*, scurrying about in his bedding. Desiree then awoke to find like insects in her bed. Both Burl and Desiree were bitten by the insects and both suffered severe emotional distress.

---

[4]"[A] small solid, usu[ally] conical elevation of the skin." WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY (1971) 610.

## ANALYSIS

### A. Count I: Assault and Battery of a Business Invitee

Defendant contends that plaintiffs have failed to allege facts that would fulfill an essential element of battery: "a willful touching of another person without the consent of the person who is touched," citing *Pechan v. DynaPro, Inc.*, 622 N.E.2d 108, 117 (Ill. App. 1993).[5] Plaintiffs respond as if the motion were directed to Rule 8, failure to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Certainly the complaint is adequately detailed. Neither party has cited a case that would be helpful to the court, and the court declines to research Illinois law on the question of whether a corporation commits a battery where its agents knowingly, and with a pecuniary motive, place an individual in a position where the individual is highly likely to be bitten by insects. It is not particularly different, however, from a company intentionally venting radioactive gases into an area where an employee is working, *id.* at 118-19 (citing cases). The motion to dismiss Count I is denied.

### B. Count II: Intentional Infliction of Emotional Distress

Defendant contends that plaintiffs have failed to allege facts that would fulfill an essential element of intentional infliction of emotional distress, that the defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, citing to Restatement (Second) of Torts, § 46 comment. Again, plaintiffs' response is directed at Rule 8, and neither side has cited a case that states Illinois law on the matter. Although it may be difficult for plaintiffs to meet the high standard of proof associated with a claim of intentional infliction of emotional distress in Illinois, the amended compliant fulfills the pleading requirement for this tort. Plaintiffs allege that defendant's conduct was extreme and outrageous,

---

[5]Defendant does not challenge the assault or business invitee components of plaintiffs' Count I.

that Accor's conduct was intended to inflict emotional distress or at least done with knowledge of a high probability of emotional distress resulting. The motion to dismiss Count II is denied.

C. **Count III: Fraud**

Defendant contends that plaintiffs have failed to allege "that the [false] representations . . . were made with an intent on the part of the defendant to induce action on the plaintiff's part," citing an essential element of fraud as stated in *Redarowicz v. Ohlendorf*, 441 N.E.2d 324, 331 (Ill. 1982). In addition to the mandates of Rule 12(b)(6), Federal Rule of Civil Procedure 9(b) requires "all averments of fraud" to be "stated with particularity," although "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." The Seventh Circuit has explained that "the rule requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994).

Defendant argues that, because plaintiffs had already reserved a room at Motel 6 and intended to stay there prior to any misrepresentation, there can be no fraud. This frivolous argument fails to notice the allegation that "[w]hen the Defendant rented the Mathias' [*sic*] room 504, it made a false statement of material fact . . . that the room was clean, safe and habitable." (First Am. Compl. ¶ 59.) This places the false statement at the time the plaintiffs arrived and before they accepted the particular room. Furthermore, a reasonable jury might also find that Motel 6, even at the time the Mathiases made the reservation, impliedly misrepresented that the room was habitable by holding itself out to the public in a particular manner, inducing plaintiffs' reliance. The motion to dismiss Count III is denied.

### D. Count IV: ICFA

Defendant contends that plaintiffs have failed to allege all elements of a cause of action under the ICFA, citing *Olympic Chevrolet, Inc. v. General Motors Corp.*, 959 F. Supp. 918, 920 (N.D. Ill. 1997), which recites the elements as follows: "(1) a misrepresentation or concealment (2) of a material fact, (3) made with the intent to induce reliance and (4) in a course of conduct involving trade or commerce." The pleading requirements of a cause of action under ICFA are similar to pleading requirements for fraud. *Gallagher Corp. v. Mass. Mutual Life Ins. Co.*, 940 F. Supp. 176, 180 (N.D. Ill. 1996). Complaints under ICFA are proper where they state who made a purported misrepresentation; when and where such representation was made, and how the representation was communicated. *Id.* In particular, defendant complains that plaintiffs have failed to identify the person who made the misrepresentation to plaintiffs, the specific representation, or the time, place or method by which the specific misrepresentation was communicated. Again, this argument borders on frivolous. Plaintiffs have alleged specifically the time, place, and detailed conduct of defendant's agents. The only missing item is the actual name of the agent or agents with whom they spoke when they rented the room. This is a fact that can most readily be obtained from Accor and will certainly be sought, if it has not already been, by the plaintiffs in discovery. The court will not dismiss a complaint simply because plaintiffs do not have the name of Accor's agent on duty at a particular time and place. The motion to dismiss count IV is denied.

### E. Count V: Gross Negligence

Defendant contends that the complaint fails to allege facts that are necessary to establish gross negligence, which is an action that is committed with actual or deliberate intention to harm or with an utter indifference or conscious disregard for the safety of others, citing to *Munizza v.*

*City of Chicago*, 583 N.E.2d 561, 565 (Ill. 1991) (holding in part that plaintiffs failed to state a cause of action for wilful and wanton negligence against public employees). *Munizza* is inapposite to plaintiffs' case. Where, as here, plaintiffs allege that Accor had closed room 504 because of insects only days before plaintiffs arrived, had taken no action to rid the room before it rented it to plaintiffs, and rented it to plaintiffs knowing that it was infested, a reasonable jury could find the conduct willful and wanton. The motion to dismiss count V is denied.

## ORDER

For the reasons stated above, the court denies defendant's motion to dismiss [#15], [#27] [#35].

ENTER: *Joan K Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: February 13, 2002