*FILED*

*JUN 03 2002*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BURL MATHIAS and DESIREE
MATHIAS
      Plaintiffs,

vs.

ACCOR ECONOMY LODGING, INC.
and MOTEL 6 OPERATING L.P.

      Defendants.

)
)
)
)
)
)
)
)
)
)

Case No.: 01 C 6329

Judge Joan Lefkow
Magistrate Judge Ashman

*DOCKETED*

*JUN 1 2 2002*

## NOTICE OF MOTION

To:    Timothy Murphy
      MacCabe & McGuire
      77 West Wacker Drive
      Suite 3333
      Chicago, Illinois

    PLEASE TAKE NOTICE that on **Thursday, June 6, 2002, at 9:30 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Joan Lefkow, room 1925 of the Dirksen Federal Building, Chicago, Illinois and present our *Motion for Summary Judgment* and our *Motion for Leave to File Second Amended Complaint,* copies of which are attached.

                                          One of Plaintiffs attorneys

## CERTIFICATE OF SERVICE

    I, Peter S. Stamatis, an attorney, certify that on the 3rd day of June, 2002, I served this notice by causing a copy to be hand delivered to the person to whom it is directed before 6:00 p.m.

                                          Peter S. Stamatis

PETER S. STAMATIS
Law Offices of Peter Stamatis, P.C.
77 West Wacker Drive, Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 606-0045
Facsimile: (312) 606-0085

ROBERT P. CUMMINS
Cummins & Cronin
77 West Wacker Drive, Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 578-0500
Facsimile: (312) 578-1234

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

FILED

JUN 0 8 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| BURL MATHIAS and DESIREE MATHIAS | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 01 C 6329 |
| | ) | |
| ACCOR ECONOMY LODGING, INC. | ) | Judge Joan Lefkow |
| and MOTEL 6 OPERATING L.P. | ) | Magistrate Judge Ashman |
| | ) | |
| Defendants. | ) | |

DOCKETED

JUN 1 2 2002

**PLAINTIFFS' CONSOLIDATED MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO THE DEFENDANTS' ADMITTED LIABILITY**

Plaintiffs, BURL MATHIAS and DESIREE MATHIAS, by their attorneys, hereby move this Honorable Court pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment in its favor and against both Defendants, ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING LP, on the issue of Defendants' unlawful conduct, by intentionally exposing the Plaintiffs - business invitees - to the physical and psychological injuries resulting from the insect infestation that existed at the Defendants' Motel. The undisputed facts demonstrate that Plaintiffs were invited to register and occupy a hotel room that the Defendants knew was uninhabitable and had marked "DO NOT RENT UNTIL TREATED."[1]

**PRELIMINARY STATEMENT**

The Defendants' liability is as obvious as it is straightforward. The record is indisputable on the following points:

---

[1] All factual assertions shall be cited to Burl Mathias and Desiree Mathias' Statement of Uncontested Material Facts Pursuant to Local Rule 56.1 ("St.___.").



a.      Defendants owned and operated the Motel 6 located at 162 East Ontario
        Street, Chicago, Illinois;[2]

b.      Defendants, through their marketing, promise their guests a "CLEAN,
        COMFORTABLE ROOM AT AN AFFORDABLE PRICE;"[3]

c.      Defendants' business goal for each of their many motels is "100%
        occupancy;"[4]

d.      As early as November of 1998, the Defendants knew their Motel 6 at 162
        East Ontario Street housed a *Cimex lectularius* infestation;[5]

e.      In November of 1998, the Defendants refused the "Room sweep"
        recommended by their exterminator, EcoLab, because they did not want to
        spend $500;[6]

f.      Defendants continued operating their Motel in 1999 and 2000 and engaged
        in a pattern of renting insect infested rooms to guests despite the chronic
        *Cimex lectularius* infestation in the Motel's rooms and numerous guest
        complaints;[7]

g.      This pattern continued in the seven months prior to Burl Mathias and
        Desiree Mathias'arrival at the Defendants' Motel, when Defendants'
        guests advised them at least 25 times of discovering insects in the
        Defendants' Motel rooms;[8]

h.      In the seven months prior to Burl Mathias and Desiree Mathias' arrival at
        the Defendants' Motel, Defendants moved and/or refunded money to at
        least six guests after they complained to Defendants' management of
        actually being bitten and/or stung by the insects in the Motel's rooms;[9]

i.      On October 27, 2000, rooms 1003, 1004, 1005, 1015, 1016, 502, 504 and
        712 were earmarked by Defendants as "DO NOT RENT" because of
        insect infestations in those rooms;[10]

---

[2] St.3-4
[3] St.7
[4] *Id.*
[5] St.13
[6] St.14-15
[7] St.16-46
[8] St.19-52
[9] St.19 (Joseph Pratt, April 8, 2000); St.20 (Kristina Gomez, May 2, 2000); St.21 (John Ewing, June 13, 2000); St.34 (Ann Ruiz, August 11, 2000); St.34 (Carlos Ortiz, August 11, 2000); and St.41 (Phyllis Paluch, October 1, 2000).
[10] St.45-47

j.     On November 4, 2000, Defendants continued to earmark room 504 as unsafe for human habitation and marked it "DO NOT RENT UNTIL TREATED;"[11]

k.     On November 4, 2002, PACEX, the international packaging trade show was taking place at Chicago's McCormick Place;[12]

l.     On November 4, 2000, Defendants rented out all but one of the Motel's rooms, 190 of 191 rooms – a 99.4% occupancy rate;[13]

m.     On November 4, 2000, Defendants removed room 504 from "DO NOT RENT" status and rented it to Burl Mathias and Desiree Mathias;[14]

n.     Defendants' removal of room 504 from "DO NOT RENT UNTIL TREATED" status occurred despite the fact that room 504 of the Motel had not been treated by EcoLab for *any* insect population whatsoever within the previous year;[15]

o.     While they slept, Burl Mathias and Desiree Mathias were bitten and fed upon repeatedly by the *Cimex lectularius* that had infested the mattresses and other furniture in Defendants' room 504;[16]

p.     The Defendants confirmed the extent of room 504's infestation and observed insects in room 504's beds, on the headboards and on the room's walls.[17]

## Grounds for Summary Judgment in Favor of Burl Mathias and Desiree Mathias

**A.    Supported By Undisputed Facts, Rule 56 Permits This Court To Decide The Central Issue of Defendants' Liability On All Counts.**

1.    The Standard for entry of summary judgment is well settled. Rule 56 of the Federal Rules of Civil Procedure states as follows:

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move

---

[11] *See* St.53
[12] St.54
[13] St.57
[14] St.55
[15] St.53
[16] St.63
[17] St.65

with or without supporting affidavits for a summary judgment in the
party's favor upon all or any part thereof.

**(c) Motion and Proceedings Thereon .** . . . The judgment sought shall
be rendered forthwith if the pleading, depositions, answer to
interrogatories, and admissions on file, together with the affidavits, if any,
show that there is no genuine issue as to any material fact and that the
moving party is entitled to a judgment as a matter of law. *A summary
judgment, interlocutory in character, may be rendered on the issue of
liability alone although there is a genuine issue as to the amount of
damages.*[18]

2.      In this motion, Burl and Desiree Mathias seek Summary Judgment as to

Counts I-VI of their Second Amended Complaint against both Defendants.  Rule 56

permits this Court to decide these central issues in advance of trial.[19]  Given this standard

and the undisputed facts of this case, we respectfully submit that this Court should grant

this motion.

**B. <u>Count I - Battery</u>**

Summary Judgment as to liability on Count I - Battery is established by the

Defendants' admissions and the undisputed evidence of Defendants' battery upon Burl

and Desiree Mathias, their business invitees.  A person commits a battery whenever he

intentionally or knowingly, "without legal justification," causes bodily harm to another

individual or makes contact with another of an insulting or provoking nature. *<u>Cross v.

City of Chicago</u>*, 4 F.3d 996 (7th Cir. 1993).

---

[18] *See* Fed. R. Civ. P. 56(a), (c) (Emphasis added). *See also Wollenburg v. Comtech Manufacturing Co.*,
201 F.3d 973, 975 (7th Cir. 2000) ("Under Federal Rule of Civil Procedure 56(c), summary judgment is
appropriate if there are no genuine issues of material fact.  Material facts are those which might affect
outcome of the suit.  An issue is genuine if a reasonable trier of fact could find in favor of the nonmoving
party.") (citations omitted).
[19] *See, e.g., Minority Police Office Association of South Bend v. City of South Bend, Indiana*, 721 F.2d 197,
200 (7th Cir. 1983) ("A partial summary judgment is merely an order deciding one or more issues in
advance of trial.").  *See generally* 10A Charles A. Wright et al., Federal Practice and Procedure § 2737 at
455-56 (2d ed. 1983).

| Elements of Liability | Undisputed Evidence |
|---|---|
| Burl and Desiree Mathias were Defendants' business invitees and were rented room 504 in Defendants' Motel at 162 East Ontario Street, Chicago, Illinois. | St.54, 55, 56 |
| After repeatedly renting rooms infested with *Cimex lectularius* to its guests and observing first hand the injuries their other guests suffered, the Defendants were on notice that renting an infested room to Burl Mathias and Desiree Mathias would result in their injury. | St.19, 20, 21, 34 |
| Renting Burl and Desiree Mathias room 504, a room with a known *Cimex lectularius* infestation caused foreseeable and intentional bodily harm to Burl Mathias and Desiree Mathias when they were badly bitten by the insects which infested room 504. | St.9, 54 – 67 |

Because the undisputed evidence is that Defendants knowingly and intentionally placed Burl and Desiree Mathias in a room they knew would cause them physical injury (not to mention psychological injury), the elements of battery are met and Summary Judgment should be granted on this Count I. Indeed, from a liability standpoint, Defendants' conduct is the same as if they had let the let the insects loose in Burl and Desiree's room *after* they rented it to them.

### C. Count II – Intentional Infliction of Emotional Distress

Summary Judgment as to liability on Count II – Intentional Infliction of Emotional Distress is likewise established by the Defendants' admissions and the undisputed evidence of Defendants' intentional infliction of emotional distress on Burl Mathias and Desiree Mathias, their business invitees. Summary judgment on this tort is mandated whenever a Plaintiff establishes:

1) Defendants' contact was extreme and outrageous; 2) Defendants' either intended that their conduct should inflict severe emotional distress or knew that there was a high probability that their conduct would cause severe emotional distress; and 3) Defendants' conduct in fact caused severe emotional distress. *Shivakumar v. Abbott Laboratories,* 2001 WL 775967, *11. Further, a Plaintiff must establish that Defendants' conduct was "so outrageous" as to past the "bounds of decency." *Id.*

All elements of this tort have been irrefutably established and Summary Judgment should be granted as to this Count as well.

| Elements of Liability | Undisputed Evidence |
|---|---|
| Burl and Desiree Mathias were Defendants' business invitees and were rented room 504 in Defendants' Motel at 162 East Ontario Street, Chicago, Illinois. | St.54, 55, 56 |
| Defendants' conduct was extreme and outrageous in that Defendants knowingly and intentionally rented Burl and Desiree Mathias room 504 even though they knew it was infested with *Cimex lectularius* and had placed that room on "DO NOT RENT" status. By November 4, 2000, room 504 remained on "BUGS IN ROOM [-] DO NOT RENT UNTIL TREATED . . ." status. | St.9, 47, 48, 50, 53 |
| Defendants knew that there was a high probability that Defendants' conduct would cause (as it did) severe emotional distress on Burl and Desiree Mathias. | St.53 and 55 |
| Defendants' conduct did cause such foreseeable emotional distress. | St.68 |

The undisputed evidence proves that Defendants knowingly and intentionally placed Burl Mathias and Desiree Mathias in a room they knew was infested with insects that would crawl and feed on them as they slept. The Defendants' conduct was extreme and outrageous. Defendants' willful and outrageous conduct was known to have at the least a "high probability" of causing emotional injury to the Plaintiffs. We submit that

Summary Judgment should be granted as to this Count II, Intentional Infliction of Emotional Distress as well.

### D. Count III – Fraudulent Concealment

Summary Judgment as to Count III – Fraudulent Concealment, is also established by the Defendants' admissions and the undisputed evidence of Defendants' fraud upon its business invitees, Burl Mathias and Desiree Mathias.

In order to prevail in a common law action for fraudulent concealment, Burl Mathias and Desiree Mathias must prove that Defendants concealed a material fact when they were under a duty to disclose that fact to Plaintiffs. *Connick v. Suzuki Motor Co. Ltd.*, 174 Ill.2d 482, 500, 675 N.E.2d 584, 593, 221 Ill. Dec. 389, 398 (1997). A duty to disclose arises when individuals are in a "fiduciary or confidential relationship" or when a person places trust and confidence in another, thereby placing that person in a "position of influence and superiority over the Plaintiff." *Id.*

| Elements of Liability | Undisputed Evidence |
|---|---|
| Burl and Desiree Mathias were Defendants' business invitees and were rented room 504 in Defendants' Motel at 162 East Ontario Street, Chicago, Illinois. | St.54, 55, 56 |
| Defendants concealed room 504's known *Cimex lectularius* infestation from Burl Mathias and Desiree Mathias before they rented it to them. Room 504's *Cimex lectularius* infestation was a material fact. | St.47-57 |
| Defendants were under a duty to disclose room 504's *Climex lectularius* infestation to Burl Mathias and Desiree Mathias because Burl and Desiree placed their trust and confidence in Defendants to select and place them in a room that was safe, clean and comfortable (as Defendants promise) and had therefore placed Defendants in a "position of influence and superiority" over them. | St.7, 55-57 |
| Plaintiffs' were injured as a result of their reliance on Defendants. | St.68 |

It is undisputed that Defendants selected and placed Burl and Desiree Mathias in room 504, a room Defendants knew housed a *Cimex lectularius* infestation. It is undisputed that Defendants advised Burl Mathias and Desiree Mathias of neither the Motel's chronic insect infestation nor the active *Cimex lectularius* infestation in room 504. It is undisputed that Defendants owed Burl and Desiree the duty of disclosure because Defendants were in a "position of influence" with regard to their placement in one of the Motel's rooms. *Id.* We submit Summary Judgment should be granted as to this Count III as well.

### E. Count IV – Illinois Consumer Fraud Act

Summary Judgment as to Count IV – Violation of the Illinois Consumer Fraud
Act ("the Act") is established by the Defendants' admissions and the undisputed evidence
of Defendants' violation of that act in its inexorable effort to maximize its revenues.
The Act specifically forbids, in part:

> Unfair or deceptive acts or practices, including but not limited to the use
> of employment of misrepresentation or the concealment, suppression or
> omission of any material fact, with the intent that others rely upon the
> concealment, suppression or omission of such material fact . . . in the
> conduct of any trade or commerce whether any person has in fact been
> misled, deceived or damaged thereby. 815 ILCS 505/2. [20]

The Illinois Supreme Court has held that the omission or concealment of a *material fact*
"in the conduct of trade or commerce" establishes a violation of this act. *Connick,* 174
Ill.2d at 504, 675 N.E.2d at 595, 221 Ill. Dec. at 400. A "material fact" exists whenever:
1) a customer would have acted differently knowing certain information; or 2) if it is the
type of information in which a customer would rely upon in deciding whether to engage
in a business transaction. *Id.*

---

[20] The Illinois Supreme Court has held that the Consumer Fraud Act should be liberally construed. *Law
Offices of William J. Stogsdill v. Cragin Federal Bank for Savings,* 268 Ill. App. 3d 433, 436, 206 Ill. Dec.
559, 645 N.E.2d 564 (1995).

| Elements of Liability | Undisputed Evidence |
|---|---|
| Burl and Desiree Mathias were Defendants' business invitees and were rented room 504 in Defendants' Motel at 162 East Ontario Street, Chicago, Illinois. | St.54, 55, 56 |
| Defendants engaged in "Unfair and deceptive practices" when they repeatedly "concealed" and suppressed" from their customers, including Burl Mathias and Desiree Mathias, "material facts" concerning the incurable infestation of vermin in the Defendants' Motel, that at least one type of vermin, *Cimex lectularius,* could injure people while they sleep, and particularly the pernicious infestation of *Cimex lectularius* in room 504. | St.10-68 |
| Defendants' history of misconduct, namely their staggering history of covertly leasing infested rooms to their customers establishes Defendants' "intent" that their customers rely on their "concealment, suppression [and] omissions[s] of material fact" and pay them money to stay in Defendants' infested Motel rooms. | St.10-68 |
| Burl Mathias and Desiree Mathias would have acted differently and would not have rented a room in the Defendants' Motel if they had known of its chronic infestation of vermin and would not have paid money to rent room 504 if they had known that that room was crawling with active and hungry *Cimex lectularius.* Further, the existence of the Motel's insect infestations was the type of information that Burl and Desiree would rely upon in deciding whether to engage in a business transaction and rent a room there. | St.69 |

The uncontested evidence establishes that Defendants violated the Illinois Consumer Fraud and Deceptive Practices Act to wit: they rented Burl and Desiree Mathias room 504 without disclosing to them the room's active *Cimex lectularius* infestation and the Defendants knew the room's infestation posed a great risk of physical and psychological injury to the Mathiases, or that Defendants had branded the room

uninhabitable. We submit Summary Judgment should be granted as to this Count IV as well.

### F. Count V – Gross Negligence Towards a Business Invitee

There is no way for the corporate Defendants to sugar coat the voluminous and irrefutable facts against them. The evidence of their willful and wanton conduct towards their business invitees and Burl and Desiree Mathias is overwhelming and uncontestable. Summary Judgment against Defendant as to Count V – Gross Negligence Towards a Business Invitees, should also be entered.

Willful and wanton negligence is established by a Defendant's "failure, after knowledge of impending danger," to exercise ordinary care to prevent the danger, or a "failure to discover the danger through . . . carelessness when it could have been discovered by the exercise of ordinary care." *Ziarko v. Soo Line Railroad,* 161 Ill.2d 267, 274, 641 N.E.2d 402, 406, 204 Ill. Dec. 178, 182 (1994) *citing to Schneiderman v. Interstte Transit Lines, Inc.* 394 Ill 569, 583, 69 N.E.2d 293 (1946). While willful and wanton negligence may be found where a Defendants' injurious conduct was intentional, it may also be proven if a Defendants' acts were appreciably less than intentional. Indeed, the Illinois Supreme Court has held there is a "thin line" between simple negligence and willful and wanton acts. *Mattyasovszky v. West Towns Bus Co.,* 61 Ill.2d 31, 35, 330 N.E.2d 509 (1975).

As indicated in Section I - Battery, the Defendants' conduct towards its business invitees was so egregious that it rises to the level of an intentional tort, battery. It is axiomatic that their conduct was willful and wanton as a matter of law. The evidence of

Defendants' wanton indifference to the physical and mental health and safety of their

guests is overwhelming.

| Elements of Liability | Undisputed Evidence |
|---|---|
| Burl and Desiree Mathias were Defendants' business invitees and were rented room 504 in Defendants' Motel at 162 East Ontario Street, Chicago, Illinois. | St.54, 55, 56 |
| Despite Defendants' knowledge of the danger *Cimex lectularius* presents to people while they sleep, Defendants rented Burl Mathias and Desiree Mathias room 504, a room Defendants knew was infested with these insects. | St.18-69 |
| Defendants' willful and wanton negligence is established by their complete and absolute failure, after knowledge of the impending danger the *Cimex lectularius* in room 504 posed its guests, to exercise any care whatsoever (let alone ordinary care) to prevent this danger to Burl Mathis and Desiree Mathias. | St.47-69 |
| Plaintiffs were injured as a result of their reliance on Defendants. | St.68 |

Defendants knew, for at least seven days prior to the Plaintiffs' arrival, that room

504 of the Motel was infested with *Cimex lectularius*. Defendants knew that these

insects would bite, feed upon and/or sting their guests. Defendants failed, after

knowledge of impending danger, to exercise ordinary care to prevent the harm suffered

by Burl and Desiree Mathias. There is no way Defendants can contradict any of these

facts as most of them are established by the Defendants' own internal documents or

employee admissions. We submit Summary Judgment should be granted as to this Count

V as well.

### G. Count VI – Negligence Towards A Business Invitee

Finally, we respectfully submit that Summary Judgment should also be granted on Count VI.

From at least 1998 through the Mathiases' arrival, Defendants' willful disregard of the insect infestation and the physical safety of their guests is the epitome of negligence:

***Summary Judgment Should Be Granted as to Count VI – Negligence***

| Elements of Liability | Undisputed Evidence |
|---|---|
| Duty: As a matter of law, Defendants owed its business invitees in the duty to act as a reasonably prudent owner of a Motel in downtown Chicago, Illinois and not to rent to its customers a room infested with *Cimex lectularius.* | St.39 |
| Breach: By renting Burl Mathias and Desiree Mathias room 504, a room known to be infested with *Cimex lectularius*, Defendants breached this duty to Plaintiffs. | St. 47-69 |
| Causation: As a direct and proximate result of Defendants' actions, Burl Mathias and Desiree Mathias were injured. | St.68 |
| Damages: Both Burl Mathias and Desiree Mathias have suffered physical and psychological injury. | St.68 |

At a minimum, the devastating evidence contained in Burl Mathias and Desiree Mathias' Statement of Uncontested Material Facts establishes Defendants' liability to these business invitees. Summary Judgment should be granted to this Count VI as well.