IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: 01 C 6329 |
| ) | |
| ACCOR ECONOMY LODGING, INC. ) | Judge Joan Lefkow |
| and MOTEL 6 OPERATING L.P. ) | Magistrate Judge Ashman |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO BAR EVIDENCE OF INSECTS IN OTHER MOTEL ROOMS

NOW COME the Plaintiffs, DESIREE MATHIAS and BURL MATHIAS, by their attorneys, PETER S. STAMATIS and ROBERT P. CUMMINS, and in response to defendants' motion in limine to bar evidence of insects in motel rooms other than the room where the incident occurred, states as follows:

*Preliminary Statement*

Five of the six counts in the Second Amended Complaint seek punitive damages against defendants for the intentional harm defendants caused plaintiffs, to punish defendants for their pernicious business practices and to deter them and others like them from similar conduct in the future. Not surprisingly, defendants seek to keep their business practices, the extent of the infestation and their knowledge of prior customer injuries hidden from the jury with spurious cries of "prejudice" and "irrelevance." Defendants' motion should be denied.

Defendants have indicated they will claim at trial that the Mathiases were rented a room with a known infestation because of mere "inadvertence." The evidence defendants seek to consign to the grave with this motion reveals that this theory is nonsense.

Plaintiffs will present evidence at trial that *Cimex lectularius* can live up to 18 months, that defendants' knew that they were chasing the insects from room to room, and that defendants kept the infestation alive and well by providing the insects with the blood meals (from their unassuming guests) necessary to survive. The evidence the origins and extent of the infestation is directly relevant to each and every count in plaintiffs' complaint. The jury has a right to hear it.

## DEFENDANTS' PRIOR AND UNCURED CHRONIC INSECT INFESTATION AND THAT PLAINTIFFS WERE ONLY TWO AMONG MANY TO BE INJURED BY THAT INFESTATION IS ADMISSIBLE

Although defendants make no mention of any Federal Rule of Evidence that would exclude the evidence that proves defendants' willful and wanton conduct in the towards the Mathiases, the evidence of defendants' nefarious conduct in the months before the Mathias' arrival (most of which is established by the defendants' own records) is admissible under Rules 401, 402, 403, 404, 405 and 406.

### A. Evidence of Defendants' Knowledge of the Incurable Insect Infestation in Their Motel and Their Knowledge of Repeated Injuries Suffered By Their Guests Makes the Existence of the Allegations in All Six Counts of Plaintiffs' Complaint More Probable.

In the two years prior to the Mathias' arrival at defendants' Motel, evidence of a continuous *Cimex lectularius* infestation in the multiple rooms on multiple floors supports *all six counts* of the Second Amended Complaint. This evidence makes the determination of every count more probable. The evidence is therefore admissible.

Federal Rule of Evidence 402 declares all "relevant evidence" admissible at trial unless precluded by the United States Constitution or other federal statute or rules. Fed. R. Evid. 402. "Relevant Evidence" is defined as any evidence that tends to make "the existence of a fact that is of consequence to the determination of the action more probable

or less probable than it would be without the evidence." Fed. R. Evid. 401. In other words, evidence is relevant whenever it possesses some logical probative value toward some fact that is legally of consequence to a case. While the Rules provide, under certain circumstances for the exclusion at trial of evidence that is relevant, such a ruling is justified only when the "probative value" of the evidence is *substantially* outweighed by the danger of *unfair* prejudice, the evidence causes confusion, delay, or is misleading or cumulative. Fed. R. Evid. 403. *See also United States v. Dervisevic*, 2002 WL 76973, *1 (N.D. Ill. 2002) (Lefkow) ("in applying the balancing test of Rule 403 'relevant evidence should only be excluded if its probative value is *substantially* outweighed by any of the listed concerns in Rule 403." *citing to United States v. Jackson*, 886 F.2d 838, 847 (7th Cir. 1989) Further, in weighing the considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission." *United States v. Denberg*, 212 F.3d 987, 993 (7th Cir. 2000). Finally, Rule 403 is an extraordinary remedy to be used sparingly as it permits the trial court to exclude otherwise relevant evidence." *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985).

In the two years prior to the Mathias' arrival at defendants' Motel, evidence of a continuous *Cimex lectularius* infestation in the multiple rooms on multiple floors supports *all six counts* of plaintiffs' Second Amended Complaint. This evidence makes the determination of every count more probable. The evidence is therefore admissible.

### a. The Evidence Supports Count I - Battery

Evidence of the pervasiveness of the *Cimex lectularius* population in the defendants' motel and the prior injuries to its customers establishes the defendants' "intentional" and "knowing" state of mind, an element plaintiffs must prove to recover under their battery count. A person commits a battery whenever he *intentionally or*

3

*knowingly*, "without legal justification," causes bodily harm to another individual or makes contact with another of an insulting or provoking nature. *Cross v. City of Chicago,* 4 F.3d 996 (7th Cir. 1993). Without a doubt, evidence concerning the ubiquity of the *Cimex lectularius* population in defendants' motel and defendants' awareness of the repeated injuries to their business invitees establishes that the defendants' conduct was "intentional" and "knowing." Because this evidence directly goes to prove the allegations in Count I, evidence concerning the pervasiveness of the infestation should be admitted for this reason alone.

### b. The Evidence Supports Count II – Intentional Infliction of Emotional Distress

Likewise, the evidence at issue establishes that defendants knew that there was a high probability that their conduct would cause severe emotional distress on plaintiffs, one of the elements required for plaintiffs to prevail on Count II. The evidence should be admitted to support plaintiffs' Count II as well.

### c. The Evidence Supports Count III – Fraudulent Concealment

The evidence also supports defendants' fraudulent concealment count. Specifically, it proves that the defendants were aware of the insect infestation in their motel, were aware of the extent of the infestation, and were aware the insects caused injuries to their business invitees. It establishes that defendants knowingly concealed the condition of room 504 when they rented it to Desiree and Burl. In order to prevail in a common law action for fraudulent concealment, Burl Mathias and Desiree Mathias must prove that defendants concealed a material fact when they were under a duty to disclose that fact to plaintiffs. *Connick v. Suzuki Motor Co. Ltd.,* 174 Ill.2d 482, 500, 675 N.E.2d 584, 593, 221 Ill. Dec. 389, 398 (1997). The evidence confirms defendants knew of the

4

infestation and that the insects would feed on their guests but also kept it from Burl and Desiree.

### d. The Evidence Supports Count IV – Violation of the Illinois Consumer Fraud Act

That the defendants were aware of the insect infestation in their motel and were aware of prior customer injuries also establishes that defendants' directly violated the Illinois Consumer Fraud and Deceptive Practices Act. The plaintiffs will establish a violation of this act when they establish at trial that defendants, among other things, concealed, suppressed and omitted material facts from Burl and Desiree with the intent that they rely upon this suppression and engage in a business transaction with defendants. 815 ILCS 505/2. Again, the evidence that the insect infestation encompassed so many rooms in the defendants' motel and that so many others were injured will go to prove, among other things, defendants' state of mind, an element necessary to prove defendants' violation of this act. The evidence is directly relevant to support plaintiffs' allegations in this Count IV.

### e. The Evidence Supports Count V – Gross Negligence

Likewise, evidence of the pervasiveness of the *Cimex lectularius* population in the defendants' Motel and the litany of prior injuries to its invitees establishes the willful and wanton nature of defendants' conduct. Willful and wanton negligence is established by, among other things, a defendant's failure, after knowledge of impending danger, to exercise ordinary care to prevent the danger. *Ziarko v. Soo Line Railroad,* 161 Ill.2d 267, 274, 641 N.E.2d 402, 406, 204 Ill. Dec. 178, 182 (1994) *citing to Schneiderman v. Interstate Transit Lines, Inc.* 394 Ill 569, 583, 69 N.E.2d 293 (1946). The evidence (which is devastating to defendants) is directly on point as to this count as well as it goes

to show defendants' knowledge of the danger to which they subjected the Mathiases. The evidence is directly on point as to Count V and should be admitted.

### f. The Evidence Supports Count VI – Negligence.

Finally, evidence of the omnipresence of the *Cimex lectularius* population in the defendants' Motel and the prior injuries to their customers also establishes that the Mathiases should prevail on their negligence count. It is axiomatic that the evidence defendants seek to keep hidden goes directly to show defendants breached their duty to act as reasonably prudent innkeepers when they rented a room to defendants that they knew was infested with insects that would injure them while the Mathiases slept.

### B. Evidence That The Defendants' Were Repeatedly Made Aware of Injuries to Their Guests From Insects is Admissible Under Rule 404 to Show Defendants Knowledge of The Dangerous Conditions in Their Motel.

The Federal Rules of Evidence provide for the admission of evidence of a defendant's prior acts whenever such evidence is used to prove a defendant's knowledge of a dangerous condition and the absence of that defendant's mistake or accident. Fed. R. Evid. 404(b). Under Rule 404(b), such evidence is admissible whenever the proponent can establish: 1) the evidence is directed toward establishing a matter in issue other than the defendants' propensity to commit the alleged act; 2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; 3) the evidence is sufficient to support a jury finding that a defendant committed a similar act; and 4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice. *Okai v. Verfut*, 275 F.3d 606, 610 (7th Cir. 2001).

All four prongs are met in this case and evidence of prior customer injuries and that the defendants' knew the infestation occupied at least multiple rooms on multiple

6

floors establishes both defendants' knowledge of the dangerous condition in their motel and belies their claims of "inadvertence" in renting Burl and Desiree the infested room 504. The information is admissible under Rule 404 because: first, it establishes defendants' knowledge of the dangerous conditions in their motel and the absence of any mistake or accident; second, the evidence is primarily from the months immediately prior to the Mathias' arrival at the motel. Defendants' claim of too much time in between incidents begs the question—how much closer could it get? It could not be any closer in time or any more relevant for that matter. Third, evidence that the defendants' repeatedly placed their invitees in infested rooms will support a jury finding that defendants committed the same act towards the Mathiases (the act was *exactly* the same). Fourth, the evidence has probative value that is not substantially outweighed by the danger of *unfair* prejudice. There is nothing *unfair* about advising the jury of the defendants' business practices. Indeed, it would be unfair to let the jury believe otherwise.

For these reasons as well, the complete picture of defendants conduct should be admitted to the jury.

### C. Evidence of Defendants' Prior Conduct of Defendants is Also Admissible Under Rule 406 to Show That Defendants' Actions Towards the Mathiases Conformed to Their Regular Business Practices.

Finally, the overwhelming evidence of defendants' routine practice of placing guests like the Mathiases in vermin infested rooms is admissible at prove that defendants' conduct towards the Mathiases was in conformity with this habit or routine practice. Fed. R. Evid. 406. Under Rule 406, evidence of a business's customary practice is admissible at trial whenever the proponent of the evidence establishes, whether corroborated or not, the existence of a pattern of repeated behavior. This involves both: 1) the frequency of

7

the given behavior and 2) the regularity of the behavior. Juries may consider not only the number of times a defendant engaged in such behavior but may conclude from the evidence presented the number of times the defendant *might* have engaged in the alleged conduct. That the defendants seek to bury this evidence is not surprising. Prior the Mathias' arrival at the Motel 6, defendants frequently and repeatedly rented infested rooms to guests. The evidence is uncontested on this point. It is also unchallenged that defendants transferred guests from one room to another over and over again after those guests complained of insects and suffering insect bites in the rooms. In short, the defendants renting of infested rooms was a habit - a habit that plaintiffs will ask the jury to put an end to. The evidence is absolutely clear on this point and even admitted in the documents produced by the defendants.

Because the evidence defendants seek to conceal from view establishes, without a doubt, that defendants' conduct towards the Mathiases was in conformity with their routine business practices, the evidence is admissible under Federal Rule of Evidence 406. For this reason as well, defendants' motion should be denied.

WHEREFORE, the plaintiffs, Desiree Mathias and Burl Mathias, respectfully requests this Honorable Court enter an order denying defendants' motion in Limine.

Respectfully submitted

*[signature]*

One of the attorneys for Burl Mathias and Desiree Mathias

 

| | |
|---|---|
| PETER S. STAMATIS | ROBERT P. CUMMINS |
| Law Offices of Peter Stamatis, P.C. | Cummins & Cronin |
| 77 West Wacker Drive, Ste. 4800 | 77 West Wacker Drive, Ste. 4800 |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| Telephone: (312) 606-0045 | Telephone: (312) 578-0500 |
| Facsimile: (312) 606-0085 | Facsimile: (312) 578-1234 |