DOCKETED
JUL 1 1 2002

FILED
JUL 09 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 01 C 6329 |
| ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING L.P. | ) Judge Joan Lefkow<br>) Magistrate Judge Ashman |
| Defendants. | ) |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO BAR MOTEL 6 MARKETING AND ADVERTISING MATERIAL

NOW COME the Plaintiffs, DESIREE MATHIAS and BURL MATHIAS, by their attorneys, PETER S. STAMATIS and ROBERT P. CUMMINS, and in response to Defendants' Motion in Limine to bar Motel 6 advertising and marketing materials state as follows:

*Preliminary Statement*

Defendants have misstated the law. In an action brought under the Illinois Consumer Fraud and Deceptive Practices Act, a defendant's advertising is admissible at trial whenever it creates the likelihood of deception or has the capacity to deceive the public, regardless of whether the plaintiff specifically relied on it. While defendants promote that at Motel 6, all their guests receive a "clean comfortable room at an affordable price" and that defendants will "Keep the light on" for their customers, their actions shows that these representations are false. The defendants marketing materials should not be hidden from the jury.

120

### THE DEFENDANTS' MARKETING MATERIALS ARE ADMISSABLE TO SUPPORT PLAINTIFFS' COUNT IV, DEFENDANTS' VIOLATION OF THE ILLINOIS CONSUMER FRAUD ACT.

All the marketing materials Defendant's produced are admissible at the trial of this case. Under count IV, brought under the Illinois Consumer Fraud and Deceptive Practices Act, a plaintiff may show a defendant engaged in deceptive practices by promulgating false or misleading advertising or promotions. *Sanfield, Inc. v. Finlay Fine Jewery Corp.*, 168 F.3d 967, 970 (7th Cir. 1999). Plaintiffs will recover under the Illinois Consumer Fraud Act whenever they are able to establish at trial; 1) that the defendant engaged in a deceptive act or practice; 2) with the intent that people (including the plaintiff) rely on the deception; and 3) while engaged in trade or commerce. 815 ILCS 505/2. No where does the statute require a plaintiff's actual reliance on the marketing materials at issue. *Id.* Further, the act does not require proof that anyone was actually deceived or damaged by the false advertising but only that it "creates the likelihood of deception or has the capacity to deceive." *Id. citing to Garcia v. Overland Bond & Inv. Co.*, 282 Ill. App. 3d 486 , 668 N.E.2d 199, 218 Ill. Dec. 36 (1996).

In the present case, evidence that defendants offer their customers a "clean comfortable room at an affordable price" is admissible as the statement is false. In reality, defendants routinely rent out rooms known to be infested with vermin. The evidence on this point is overwhelming and unchallenged. Likewise, other advertising, including defendants' "we'll keep the light on for you" campaign feeds a prevarication – that defendants care about their customers. These materials imply that defendants give their customers an almost a maternal level of attention. Again, this is, as the evidence shows again and again, another falsehood.

The defendants' marketing materials are relevant and admissible to prove plaintiffs' Count IV, violation of the Illinois Consumer Fraud Act. Defendants' motion should be denied.

WHEREFORE, Desiree and Burl Mathias respectfully request this Honorable Court enter an order denying this Motion in Limine.

Respectfully submitted

_____
One of the attorneys for Burl Mathias and Desiree Mathias

PETER S. STAMATIS
Law Offices of Peter Stamatis, P.C.
77 West Wacker Drive, Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 606-0045
Facsimile: (312) 606-0085

ROBERT P. CUMMINS
Cummins & Cronin
77 West Wacker Drive, Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 578-0500
Facsimile: (312) 578-1234