IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 01 C 6329 |
| ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING L.P. | ) Judge Joan Lefkow<br>) Magistrate Judge Ashman |
| Defendants. | ) |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION IN LIMINE TO BAR PLAINTIFFS OUT OF POCKET EXPENSES

NOW COME the Plaintiffs, DESIREE MATHIAS and BURL MATHIAS, by their attorneys, PETER S. STAMATIS and ROBERT P. CUMMINS, and in response to Defendants' Motion in Limine to bar evidence of their out of pocket expenses, states as follows:

*Preliminary Statement*

Defendants have filed an *unsupported* motion to bar evidence at trial of Burl and Desiree Mathias' out of pocket expenses. The evidence, which was disclosed during the discovery of this case and which defendants inquired about at the plaintiffs' depositions is admissible under even the most basic rules of evidence. This frivolous motion should be denied.

### PLAINTIFFS DISCLOSED THEIR OUT OF POCKET EXPENSES TO DEFENDANTS LAST YEAR - THE EVIDENCE IS ADMISSIBLE

As this court has been made aware, Burl and Desiree Mathias are citizens of Canada and therefore, receive no medical bills from their health care providers for the care and treatment they received in accordance with that country's national health care

system. Nevertheless, the plaintiffs disclosed to defendants, at almost the very beginning of this case, copies of receipts which reflect their cost for medications they were advised by their physicians to receive. A copy of those documents is attached hereto. Defendants' counsel has reviewed those records and in fact asked plaintiffs numerous questions about these records at their depositions.

Without a doubt, evidence of the defendants' out of pocket expenses is admissible at trial. IPI 800.05, which has been submitted to your Honor, requires the jury to:

> Fix the amount of money which will reasonably and fairly compensate [Desiree and Burl] for any of the following elements of damages proved by the evidence to have resulted from the conduct of the defendants . . . The reasonable expense of necessary medical care, treatment, and services received an the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future. IPI 800.05

The plaintiffs will offer testimony and documentary evidence regarding their out of pocket expenses. The information has been disclosed for months. At trial, defendants can cross examine plaintiffs on these evidence, if they so desire.

WHEREFORE, the plaintiffs, Desiree Mathias and Burl Mathias, respectfully request this Honorable Court enter an order denying defendants' motion in limine.

2

Respectfully submitted

*[signature]*

One of the attorneys for Burl Mathias and Desiree Mathias

| | |
|---|---|
| PETER S. STAMATIS | ROBERT P. CUMMINS |
| Law Offices of Peter Stamatis, P.C. | Cummins & Cronin |
| 77 West Wacker Drive, Ste. 4800 | 77 West Wacker Drive, Ste. 4800 |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| Telephone: (312) 606-0045 | Telephone: (312) 578-0500 |
| Facsimile: (312) 606-0085 | Facsimile: (312) 578-1234 |

3

*See Case File for Exhibits*