IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: 01 C 6329 |
| ) | |
| ACCOR ECONOMY LODGING, INC. ) | Judge Joan Lefkow |
| and MOTEL 6 Operating LP ) | Magistrate Judge Ashman |
| ) | |
| Defendants. ) | |

**NOTICE OF FILING**

To:   Timothy Murphy
      MacCabe & McGuire
      77 West Wacker Drive
      Suite 3333
      Chicago, Illinois 60601

PLEASE TAKE NOTICE that on July 15, 2002, we filed our *Supplemental Memorandum in Support Of Plaintiffs' Motion in Limine To Bar Expert Testimony Of David Hartman*, a true and correct copies of which is attached hereto.

_____
One of the attorneys for Burl and
Desiree Mathias

PETER S. STAMATIS
Law Offices of Peter Stamatis, P.C.
77 West Wacker Drive
Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 606-0045
Facsimile: (312) 606-0085

ROBERT P. CUMMINS
THOMAS CRONIN
Cummins & Cronin, LLC
77 West Wacker Drive, Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 578-0500
Facsimile: (312) 578-1234

## CERTIFICATE OF DELIVERY

    The undersigned hereby certifies under penalties of perjury as provided by law pursuant to the applicable court rules, that the above notice and any attached pleadings were served upon counsel and/or party of record by hand delivery on July 15, 2002.

                                                                                                Peter S. Stamatis

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No.: 01 C 6329 ) |
| ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING L.P. | ) Judge Joan Lefkow ) Magistrate Judge Ashman ) |
| Defendants. | ) |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO BAR EXPERT TESTIMONY OF DAVID HARTMAN**

Plaintiffs, BURL MATHIAS and DESIREE MATHIAS, by their attorneys, PETER S. STAMATIS, ROBERT P. CUMMINS, and THOMAS C. CRONIN, present this Supplemental Memorandum in Support of their Motion to Bar David Hartman from testifying at the trial of this cause:

### INTRODUCTION

Even though this Court was willing to give the corporate defendants a second opportunity to comply with the mandates of Rule 26, defendants have again failed to produce the required information. Defendants again submitted an incomplete list of their expert's prior cases that <u>failed to identify the venue</u> of even one of those cases, <u>failed to provide a case name</u> for 52 out of 104 of his cases, <u>failed to provide a case number</u> in three out of four cases identified, and <u>failed to describe whether the prior testimony was at trial, deposition or both</u> in over one-half of the cases mentioned. By defendants' own actions, they have precluded plaintiffs from investigating the extent and content of their expert's prior testimony and he should not be permitted to testify at trial.

1

## **PROCEDURAL HISTORY**

1. On June 4, 2002, Defendants identified David E. Hartman as their testifying nueropsychologist.

2. Hartman's Rule 26 disclosure failed to provide any listing whatsoever of "other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Fed. R. Civ. P. 26(a)(2).

3. On June 11, 2002, counsel for Plaintiffs sent Defendants' attorney a letter that put Defendants on notice of their non-compliance with Rule 26.

4. At the deposition of Hartman, Defendants belatedly produced a list of some of the cases in which Hartman claims to have testified.[1] When Hartman was asked about the paper, he admitted it was incomplete.

5. As a result, plaintiffs filed their motion to bar Hartman from testifying at trial.

6. At the hearing on plaintiffs' motion on June 24, 2002, your Honor indicated you would allow Hartman to testify at trial only if he produced a new report that complied with Rule 26.

7. Sometime thereafter, defendants served counsel for Burl and Desiree Mathias with an additional list of 104 cases in which Hartman was retained.[2] Like before, that document failed, in every way, to comply with Rule 26 of the Federal Rules of Civil Procedure. Specifically, the list failed to name even one court or administrative agency where any of Hartman's testimony occurred, one-half of the matters listed failed to provide a case name, three out of four cases listed were devoid of a case number, and

---

[1] Hartman's first list is attached hereto as Exhibit A.
[2] Hartman's second list is attached hereto as Exhibit B.

over one-half of the cases were silent as to whether the testimony occurred at trial or deposition.

8. Despite the fact that Burl and Desiree Mathias' counsel subsequently advised defendants that they were still in violation of Rule 26, defendants have never provided plaintiffs with the required information.

## ARGUMENT

Because Defendants' complete failure to comply with Rule 26 has precluded plaintiffs from investigating in any way the prior testimony of their professional expert, Hartman should not be permitted to testify at trial.

## HARTMAN SHOULD BE BARRED FROM OFFERING ANY TESTIMONY AT TRIAL

Rule 26(a)(2) requires the defendants to disclose, in a written report, the identity of any expert they intend to call at trial. The Rule also requires that the written report:

> contain a complete statement of all opinions to be expressed . . . ***and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.*** Fed. R. Civ. P. 26(a)(2)(b) (Emphasis added).

When a party fails to comply with this rule, Federal Rule of Civil Procedure 37 provides that its expert witness should be barred from testifying at trial wherever the error is not "harmless" or justified.

### A. A Expert's Prior Testimony Must Be Disclosed Before He Can Testify at Trial.

Whenever a party fails to adequately identify the cases in which their expert has testified in the past four years, the preclusion of that expert's testimony is the appropriate

3

remedy. Courts have held again and again that the Rule 26 itemization of prior testimony must contain, at a minimum:

    a.    the name of the court or administrative agency where the testimony occurred;

    b.    the names of the parties;

    c.    the case numbers; and

    d.    whether the testimony was given at a deposition or trial.

*Coleman v. Dydula,* 190 F.R.D. 316, 318 (W.D. N.Y. 1999) *citing to Hilt v. SFC Inc.,* 170 F.R.D. 182, 185 (D.Kan. 1997) (Expert Report failed to comply with Rule 26 where it failed to identify "the courts or administrative agencies, the name of the parties, the case number, and whether the testimony was by deposition or at trial."). The disclosure of prior recorded testimony is designed to give the other party access to useful information to meet the proposed experts' opinions. Indeed, courts have stated that the proliferation of marginal or unscrupulous experts will only be stopped only when the other party has detailed information about a purported expert's prior testimony. *Eglas v. Colorado Belle Corp.,* 179 F.R.D. 296 (D. Nev. 1998).

**B.    Defendants' Professional Expert Witness Should Be Barred.**

Defendants' violation of Rule 26 is exactly the same as the violation in *Palmer v. Rhodes Machinery,* 187 F.R.D. 653 (N.D. Ok. 1999), and warrants the same result - an order barring the witness from testifying at trial. In *Palmer,* defendants sought relief from the requirement of Rule 26 that they provide the list of cases claiming that the expert did not maintain such a list and that creating such a document would be costly, difficult or impossible to create. In refusing defendants' request, the court held that the cost or difficulty of compiling the list required by Rule 26 did not constitute the

4

"substantial justification" required for skirting compliance with that rule. The court admonished the expert that if he wished to testify in federal courts, he had to "comply with the federal rules" and, citing *Nguyen v. IBP, Inc.* 162 F.R.D. 675, 681 (D. Kan. 1995), held:

> An expert's failure to maintain records in the ordinary course of his business sufficient to allow the disclosures to be made, does not constitute 'substantial justification' for the failure to provide required disclosures as to any retained expert expected to testify a the trial of the case. The requirements of Rule 26(a) are mandatory as to any expert retained to testify. If the expert is unable or unwilling to make the disclosures he should be excluded as a possibility for retention as an expert witness in the case.

We respectfully submit this court should similarly bar Dr. Hartman.

Another illustrative case is *Majewski v. Southland Corp.*, 170 F.R.D. 25 (D. Kan. 1996). In barring the testimony from a proffered expert at trail, the court cited, among other things, the party's failure to disclose the witnesses prior testimony including the venue of the testimony, the case number and whether the testimony was at deposition or trial. The court also stated that the information in the disclosure should be:

> Sufficient to allow a party to review the proceedings to determine whether relevant testimony was given. With this information, a party should be able to determine the type of claim presented and locate any recorded testimony.

The court guarded against allowing a party to place the burden on the opposing party to investigate and identify their own witnesses prior testimony:

> With the information supplied herein, the defendant would be required to contact each of the attorneys listed an obtain the identification of the 'cases.' Of necessity, each attorney contacted would be required to cooperate by searching his indexes and files to obtain the information and by providing such information in a timely manner. While ultimately the party might obtain the information in those cases where the attorneys are sufficiently identified and cooperative, the burden is shifted from the disclosing party to the discovering party to identify the "cases." Such is

5

> not contemplated by Fed.R.Civ.P. 26(a)(2)(b) . . . Cooperation of more than 100 attorneys who are not involved in this case in any way would also be required. *Majewsk* at 27, *citing to Nguyen v. IBP, Inc.* 162 F.R.D. 675, 680 (D. Kan. 1995).

Because the defendants' report does not even come close to providing plaintiffs counsel with the required information, its expert should not be permitted to testify at trial.

Defendants' second Hartman list comes nowhere close to complying with Rule 26 and is deficient in almost every respect. First, while the list appears to reveal 104 cases where Hartman has provided expert testimony, it is by its own terms not complete. The list's first 52 cases are branded those "where full name and/or court # is known," implying that there are additional cases where the full name and/or court # are not known. The document then labels the remaining 52 cases as those where "client and law firm name are available" implying that there may be additional cases where the client and law firm name are *not* available.

Second, with regard to the first 52 cases on Defendants' list, only 22, less than one-half, provide case numbers. None of the second 52 cases provide any case number whatsoever. In simpler terms, fewer than one out of four of the cases on that list provide this required information. Third, not one of the 104 cases listed by Hartman provide the name of the court or administrative agency where the testimony occurred and no information whatsoever regarding venue. Fourth, every one of the second 52 cases fails to provide even one complete case name.

Finally, the list fails to adequately state whether Hartman's testimony in the listed cases was at deposition or trial. Specifically, while he indicates that 43 of the first 52 cases have a "case type" of "deposition" or "Testimony at dep," four of the remaining nine list a "case type" of "toxic" - an incomprehensible designation. More importantly,

6

the second 52 cases say nothing at all of whether Hartman's testimony in those cases was at deposition, trial or both.

In conclusion, as the court in *Majewski* proscribed, defendants have shifted their Rule 26 obligations to plaintiffs, a maneuver sanctioned by neither by order of this Court nor any federal or local rule.

WHEREFORE, Plaintiffs, Burl Mathias and Desiree Mathias, respectfully request this Honorable Court enter an order, *in limine*, granting Plaintiffs the following relief:

A. Finding that Defendants have failed to comply with the requirements of F.R.C.P. 26(a)(2);

B. Finding that Defendants have *no justification* for failing to comply with the mandates of F.R.C.P. 26(a)(2);

C. Finding that Defendants failure to comply with F.R.C.P. 26(a)(2) was *not harmless;*

D. Sanctioning Defendants, pursuant to F.R.C.P. by debarring them from using as evidence at a trial, at a hearing, and/or on a motion, any evidence whatsoever, by testimony or otherwise, from Hartman;

E. Granting Plaintiffs such other and further relief as this Court deems equitable and just.

One of the attorneys for Burl and Desiree Mathias

PETER S. STAMATIS
Law Offices of Peter Stamatis, P.C.
77 West Wacker Drive
Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 606-0045
Facsimile: (312) 606-0085

ROBERT P. CUMMINS
THOMAS CRONIN
Cummins & Cronin, LLC
77 West Wacker Drive, Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 578-0500
Facsimile: (312) 578-1234

*See Case File for Exhibits*