FILED
JUN 1 1 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUL 1 6 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS,<br><br>Plaintiffs,<br><br>v.<br><br>ACCOR ECONOMY LODGING, INC. and<br>MOTEL 6 OPERATING L.P.<br><br>Defendants. | No. 01 C 6329<br><br>Judge Joan Lefkow<br>Magistrate Judge Ashman |



## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO BAR EVIDENCE CONCERNING THE CAROLYN STANLEY INCIDENT

Defendants, ACCOR ECONOMY LODGING, INC. ("ACCOR") and MOTEL 6 OPERATING L.P. ("MOTEL 6"), by their attorneys, Maureen A. McGuire and Timothy J. Murphy, in reply to plaintiffs' response to defendants' Motion in Limine to bar evidence of a previous incident involving Carolyn Stanley, state as follows:

1. Plaintiffs submit a preliminary statement suggesting that Judge Ashman determined that a 1996 incident in New Mexico is related to the underlying incident giving rise to this suit. Plaintiffs do not attach the full transcript of the hearing before Judge Ashman wherein he ruled that said materials were discoverable, but he was making no ruling or indication as to their admissibility at trial. Plaintiffs' failure to identify the date of the hearing, attach a complete transcript, and its incomplete quotation out of context demonstrates the plaintiffs' desperate attempt to assert a property damage claim when there is no evidence in support of it.

2. Plaintiffs have made no assertion either in their complaint, in their response to written discovery, or in any manner whatsoever that either Burl Mathias or Desiree Mathias transferred Cimex Lectularius to their residences in Toronto, Ontario, Canada. Therefore, the 1996

130

incident fails to meet the test of substantial similarity to be relevant and admissible evidence. <u>In re Air Crash Disaster at Sioux City, Iowa</u>, 1991 W.L. 279005 (N.D. Ill. 1991).

3. Plaintiffs fail to address the critical fact that the Stanley claim is un-litigated, un-filed, yet under the Colorado statute of limitations, still a ripe claim.

4. The introduction of an unsubstantiated claim as evidence of a substantially similar occurrence for the purpose of establishing notice is misleading, unfairly prejudicial and creates confusion as to the elements of damages sought by the plaintiffs.

WHEREFORE, defendants ACCOR ECONOMY LODGING, INC. ("ACCOR") and MOTEL 6 OPERATING L.P. ("MOTEL 6"), respectfully request this court grant its Motion in Limine and bar the plaintiffs and their attorneys from introducing in any way, any form, at any time during the course of this trial, any evidence, remark, statement, request, suggestion, inference, innuendo, question, answer, testimony or reference or any nature which might inform, infer, or suggest to the jury any information pertaining to the materials cited above and barring Carolyn Stanley from testifying as a witness at trial.

Respectfully submitted,

MacCabe & McGuire

By: _____
One of Attorneys for Defendants
ACCOR ECONOMY LODGING, INC. and MOTEL 6
OPERATING L.P.

Maureen A. McGuire
Timothy J. Murphy
MacCabe & McGuire
77 W. Wacker Drive, Suite 3333
Chicago, IL 60601
Telephone: 312-357-2600
Facsimile: 312-357-2600

M:\ORANGE\51-100\-155\def reply in support of motion to bar carolyn stanley incident.doc