IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS, | |
| Plaintiffs, | |
| v. | No. 01 C 6329 |
| | Judge Joan Lefkow |
| ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING L.P. | Magistrate Judge Ashman |
| Defendants. | |

FILED
JUL 1 1 2002
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

DOCKETED
JUL 1 6 2002

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO BAR ANY REFERENCE TO LOST WAGES OR LOST BUSINESS OPPORTUNITIES**

Defendants, ACCOR ECONOMY LODGING, INC. ("ACCOR") and MOTEL 6 OPERATING L.P. ("MOTEL 6"), by their attorneys, Maureen A. McGuire and Timothy J. Murphy, in reply to plaintiffs' response to defendants' Motion in Limine seeking to bar plaintiffs and their attorneys from introducing testimony or referring in any nature to plaintiffs' claims for lost wages or lost business opportunities states as follows:

1. Plaintiffs cite to no specific authority to counter authority cited in the defendants' motion in limine. Plaintiffs citations go to the general application of Federal Rules of Evidence 401, 402, and 403. Defendants make no assertion that lost earnings, profits or salaries are not recoverable as an element of damages. However, recovery of lost wages is limited to losses that are reasonably certain to occur and cannot be based on speculative, remote or uncertain testimony. Rizzo v. Mr. Coffee, Inc., 195 W.L. 571500 (N.D. Ill.; citing (Turner v. Chicago Transit Authority, 122 Ill. App. 3d 419, 461 N.E. 2d 551, 558, 77 Ill. Dec. 928 (1984)).

1

131

2.  Plaintiffs concede that the income tax records were requested by the Supplemental Request for Production filed upon the plaintiffs on February 25, 2002, following the deposition on the plaintiffs on February 12 and 13, 2002. The Supplemental Request for Production also requested any diaries or date books kept by the plaintiffs. No diaries, date books or similar documents were produced by the plaintiffs.

3.  Plaintiffs were served a first set of interrogatories, answers to which were served upon defendants on February 21, 2002. Interrogatory no. 7 and its Answer are as follows:

> 7.  As the result of your personal injuries, were you unable to work? If so, state:
>
> a)  The name and address of your employer, if any, at the time of the occurrence, your wage and/or salary, and the name of your supervisor and/or foreperson;
>
> b)  The date or inclusive dates on which you were unable to work;
>
> c)  The amount of wage and/or income loss claimed by you; and
>
> d)  The name and address of your present employer and your wage and/or salary.
>
> ANSWER: Burl Mathias: Yes.
>
> a)  Buroc International, Inc., 589 Middlefield Road, Scarborough, ON. Wages $100,000.00 plus bonuses. Self employed.
>
> b)  November 7th through 24, 2000.
>
> c)  Undetermined at this present time. Our investigation continues.
>
> d)  Buroc International, Inc., 589 Middlefield Road, Scarborough, ON. Wages $100,000.00 plus bonuses.
>
> Desiree Mathias: Yes.

    a) Mirq, Inc., 356 Deloraine Avenue, Toronto, ON M5M2B6

       Wages $100,000.00 plus bonuses. Self employed.

    b) November 7th through 24, 2000.

    c) Undetermined at this present time. Our investigation continues.

    d) Mirq, Inc., 356 Deloraine Avenue, Toronto, ON M5M2B6

8. State any and all other expenses and/or losses you claim as a result of the occurrence. As to each expense and/or loss, state the date or dates it was incurred, the name of the person, firm and or company to whom such amounts are owed, whether the expense and/or loss in question has been paid and if so, by whom it was so paid, and describe the reason or purpose for each expense and/or loss.

    ANSWER: Objection. This request is overly broad and unduly burdensome. Answering further and without waiving said objection, none other than the lost wages discussed above and the documents Bates stamped 000000-000110 and already disclosed. Our investigation continues.

18. List the names and address of all other persons (other than yourself and persons heretofore listed) who have knowledge of the facts of the occurrence and/or the injuries and damages claimed to have resulted therefrom.

    ANSWER: Objection. This request is overly broad and unduly burdensome. Answering further and without waving said objection, none other than those disclosed herein or by the defendant in answer to plaintiffs interrogatories and plaintiffs' request for production of documents.

4. Federal Rule of Civil Procedure 26(e) states:

A party who has made a disclosure under subdivision (a) or responded to a request for discovery with the disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter required if ordered by this court or in the following circumstances:

(1) A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrected information has not otherwise been made known to the other parties during the discovery process or in writing...

(2) A party is under a duty seasonably to amend a prior response to an interrogatory request for production or request for omission if the parties learns that the responses in some material respect incomplete or incorrect and if the additional or corrected information has not otherwise been made known to the other parties during the discovery process or in writing.

5. Plaintiffs have not supplemented their answers to interrogatories no. 7, 8, and 17 nor its response to the request for production of documents and supplemental request for production of documents served upon them to provide any documentation of any lost business opportunity or lost wage, other than tax returns, attached as Group Exhibit C to defendants' Motion in Limine. Plaintiffs have produced no time records to support their claim of missed work between November 7th and November 24th, nor have they supplied the names of any businesses, persons, partnerships or other organizations from whom plaintiffs allegedly lost business opportunity, income, profit or salary.

6. In Schedule (2)(g) of the pre-trial order filed in the this case, plaintiffs provide no itemization of special damages or amounts of a claim for wage loss, business income loss, or value of prospective lost business opportunities. Without specific documentation, testimony or a reasonable basis upon which to perform calculations for lost wages or lost business opportunities, to award damages on this basis is mere conjection or speculation by the jury. <u>Adam Apple Distr. Co. v. Papeleras Reunidas, S.A.</u>, 773 F. 2d 925 (7th Cir. 1985).

WHEREFORE, Defendants, ACCOR ECONOMY LODGING, INC. ("ACCOR") and MOTEL 6 OPERATING L.P., ("MOTEL 6"), respectfully request that this Court enter an order barring plaintiffs and their attorneys from introducing in any way, and in any form at any time during the course of this trial, any evidence, remark, statement, request, suggestion, inference, innuendo, question, answer, testimony, or reference of any nature which might inform, infer, or suggest to the jury any information pertaining to the material cited above.

Respectfully submitted,

MacCabe & McGuire

By: _____
One of the attorneys for the Defendant,
ACCOR ECONOMY LODGING, INC. and
MOTEL 6 OPERATING L.P.

Maureen A. McGuire
Timothy J. Murphy
MacCabe & McGuire
77 W. Wacker Drive
Suite 3333
Chicago, Illinois 60601
Telephone: 312-357-2600
Facsimile: 312-357-0317
M:\ORANGE\51-100\-155\def reply in support of motion to bar ref to lost wages.doc

5