IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

FILED
JUL 1 1 2002
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS,<br><br>Plaintiffs,<br><br>v.<br><br>ACCOR ECONOMY LODGING d/b/a<br>MOTEL 6,<br><br>Defendant. | No. 01 C 6329<br><br>Judge Joan Lefkow<br>Magistrate Judge Ashman |

## NOTICE OF FILING

TO:  Peter S. Stamatis                   Robert P. Cummins
     77 W. Wacker Dr. Suite 4800         77 W. Wacker Dr. Suite 4800
     Chicago, Illinois 60601             Chicago, Illinois 60601

DOCKETED
JUL 1 6 2002

You are hereby notified that on July 11, 2002 we have filed with the Clerk of the Court the foregoing **DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO BAR TESTIMONY REGARDING THE FINANCIAL STATUS OF IBL LIMITED, INC., DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO BAR EVIDENCE CONCERNING THE CAROLYN STANLEY INCIDENT, DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO BAR ANY REFERENCE TO LOST WAGES OR LOST BUSINESS OPPORTUNITIES, DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO BAR ADVERTISING MATERIAL, and DEFENDANTS' REPLY TO PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE TO BAR CERTAIN OPINIONS OF DR. ROBERT J. NOVAK AND JACQUELINE ROIG, PSY.D. AND TO BAR DR. STEPHEN DINWIDDIE FROM TESTIFYING AS TO THE MEDICAL RECORDS OF THE PLAINTIFFS**, a copy of which is herewith served upon you.

## CERTIFICATE OF DELIVERY

Timothy J. Murphy hereby certifies under penalty of perjury as provided by law pursuant to the applicable court rules that the above notice and attached pleadings were served upon counsel of record by hand delivery on July 11, 2002.

_____
One of Attorneys of Defendants,
ACCOR ECONOMY LODGING, INC. and MOTEL 6
OPERATING L.P.

Timothy J. Murphy
Maureen A. McGuire
MacCABE & McGUIRE
77 West Wacker Drive, #3333
Chicago, IL 60601
M:\ORANGE\51-100\-155\Notice of filing 7 9 02.doc

133

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS,<br><br>Plaintiffs,<br><br>v.<br><br>ACCOR ECONOMY LODGING, INC. and<br>MOTEL 6 OPERATING L.P.<br><br>Defendants. | **FILED**<br>JUL 1 1 2002<br>JUDGE JOAN H. LEFKOW<br>UNITED STATES DISTRICT COURT<br><br>No. 01 C 6329<br><br>Judge Joan Lefkow<br>Magistrate Judge Ashman<br><br>DOCKETED<br>JUL 1 6 2002 |

### DEFENDANT'S REPLY TO PLAINTIFFS' CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE TO BAR CERTAIN OPINIONS OF DR. ROBERT J. NOVAK AND JACQUELINE ROIG, Psy.D., and TO BAR DR. STEPHEN DINWIDDIE FROM TESTIFYING AS TO THE MEDICAL RECORDS OF THE PLAINTIFFS

Defendants, ACCOR ECONOMY LODGING, INC. ("ACCOR") and MOTEL 6 OPERATING L.P., ("MOTEL 6"), by their attorneys, Maureen A. McGuire and Timothy J. Murphy, for their reply in support of their Motions In Limine to bar certain opinions of Dr. Robert J. Novak and Jacqueline Roig, Psy.D., and to bar Dr. Stephen Dinwiddie from testifying as to the medical records of the plaintiffs pursuant to Federal Rule of Evidence 702, state as follows:

### Dr. Novak's Opinion Regarding *Possible* Disease Transmission

1.  Plaintiffs concede that that the Court plays the role of the gatekeeper in excluding scientific evidence that cannot be empirically proven and cannot be applied to the facts at issue.

133

2. The plaintiffs assert that the testimony of Dr. Djordjevic that bedbugs may **possibly** transmit Hepatitis B warrants the admission of Dr. Novak's testimony that entomologic literature **suggests** that bedbugs may play a role in disease transmission.

3. As demonstrated by the report filed by Dr. Djordjevic, attached hereto as Exhibit A, neither Burl nor Desiree Mathias have contracted an illness, such as Hepatitis, since November 6, 2000, and that using the longest incubation period for Hepatitis, the incubation period has elapsed three times since the date of incident.

4. Plaintiffs' cite no authority to refute the holding of Muzzey v. Kerr-McGee Chemical Corporation, 921 F.Supp. 511 (N.D.IL 1996), and Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1316 (9th Cir. 1995), both of which support the barring of any testimony regarding potential disease transmission due to the lack of empirical proof or conclusive studies that establish that bedbugs are disease vectors.

5. Dr. Novak concedes this fact, which is further supported by the testimony of Dr. Jerome Goddard. (Report attached to Defendants' Motion in Limine as Exhibit C.)

6. This testimony not only lacks a scientific foundation, but is also inadmissible because it is unfairly prejudicial because it is introduced only for the purpose of inducing the jury to decide the case on an improper basis, an emotional one, rather than on the evidence presented." Traharne v. Wayne Scott Ferzer Company, 156 F.Supp.2d 690, 695 United States v. Vretta, 790 F.2d 561, 655 (7th Cir. 1986).

### Opinion Testimony of Jacqueline Roig, Psy.D.

6. Plaintiffs cite to no authority in response to the motion in limine seeking to bar Jacqueline Roig from testifying in this matter.

2

7. Plaintiffs concede that Dr. Dinwiddie, their own expert witness, disagrees with the diagnosis of Post Traumatic Stress Disorder, as does Dr. Hartman.

8. The introduction of any testimony by Jacqueline Roig is improper under Federal Rule of Evidence 702 because is will likely confuse the jury rather than assist them as the trier of fact in determining what, if any, damages the plaintiffs incurred as a result of the November 6, 2000 incident.

### Opinion Testimony of Dr. Stephen Dinwiddie

9. Plaintiffs again cite to no case authority in their response to Defendants' motion in limine. Further, Plaintiffs fail to address the three distinct reasons established by defendants' motion that Dr. Dinwiddie's testimony should be barred or limited at trial.

10. First, one of the psychological tests utilized by Dr. Dinwiddie, MCMI-III, lacks reliability due to an excessively high error rate. Thus, Dr. Dinwiddie's opinion fail to meet the standard for admissibility set by <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 43 F.3d 1311, 1316 (9th Cir. 1995).

11. Second, Dr. Dinwiddie did not perform any tests to measure whether the anxiety reported by the plaintiffs was caused by other factors besides an incident which occurred 1 and ½ years before he interviewed the plaintiffs, despite each plaintiffs report of multiple stressful situations presently faced by each of them. This demonstrates that Dr. Dinwiddie's opinions are result-oriented and inadmissible under Federal Rule of Evidence 702.

12. Third, Dr. Dinwiddie should be precluded from testifying to the contents of Jacqueline Roig's report or the medical records of both plaintiffs because he did not rely upon them in rendering his opinions regarding the alleged psychological damages claimed by

plaintiffs. Federal Rule of Evidence 703 specifically states, "Facts or data that are not otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."

WHEREFORE, defendants, ACCOR ECONOMY LODGING, INC. ("ACCOR") and MOTEL 6 OPERATING L.P., ("MOTEL 6"), by their attorneys, Maureen A. McGuire and Timothy J. Murphy, respectfully request that this honorable Court enter an Order barring the opinion of Dr. Novak and barring any opinion offered by plaintiffs that bedbugs transmit diseases in humans, barring the testimony of Jacqueline Roig and any reference to Post Traumatic Stress Disorder by any witness at trial, and barring Dr. Dinwiddie from testifying to the contents of the plaintiff's medical records, the contents of the psychological tests he reviewed in developing his opinions, the report of Jacqueline Roig, and barring Dr. Dinwiddie from offering opinion testimony because his opinions are based on unreliable reliable tests.

Respectfully submitted,

MacCabe & McGuire

By: _____
One of the attorneys for the Defendant,
ACCOR ECONOMY LODGING, INC. and
MOTEL 6 OPERATING L.P.

Timothy J. Murphy
MacCabe & McGuire
77 W. Wacker Drive
Suite 3333
Chicago, Illinois 60601
Telephone:  312-357-2600
Facsimile:  312-357-0317

M:\ORANGE\51-100\-155\MReply to consolidated response Expert opinoins

4

*See Case File for Exhibits*