**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

FILED

JUL 17 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**BURL MATHIAS and DESIREE MATHIAS,**

**Plaintiffs,**

**v.**

**ACCOR ECONOMY LODGING d/b/a MOTEL 6,**

**Defendant.**

**No. 01 C 6329**

**Judge Joan Lefkow**
**Magistrate Judge Ashman**

DOCKETED
JUL 18 2002

**NOTICE OF FILING**

**TO:** Peter S. Stamatis
77 W. Wacker Dr. Suite 4800
Chicago, Illinois 60601

Robert P. Cummins
77 W. Wacker Dr. Suite 4800
Chicago, Illinois 60601

You are hereby notified that on July 17, 2002 we have filed with the Clerk of the Court the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO BAR EXPERT TESTIMONY OF DAVID HARTMAN, PH.D.,** a copy of which is herewith served upon you.

**CERTIFICATE OF DELIVERY**

Timothy J. Murphy hereby certifies under penalty of perjury as provided by law pursuant to the applicable court rules that the above notice and attached pleadings were served upon counsel of record by hand delivery on July 17, 2002.

One of Attorneys of Defendants,
ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING L.P.

Timothy J. Murphy
Maureen A. McGuire
MacCABE & McGUIRE
77 West Wacker Drive, #3333
Chicago, IL 60601
M:\ORANGE\51-100\-155\Notice of filing 7 17 02.doc

135

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

JUL 17 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUL 18 2002

| | |
|---|---|
| **BURL MATHIAS and DESIREE MATHIAS,** **Plaintiffs,** | |
| **v.** | **No. 01 C 6329** |
| **ACCOR ECONOMY LODGING d/b/a MOTEL 6,** **Defendants.** | **Judge Joan Lefkow** **Magistrate Judge Ashman** |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO BAR EXPERT TESTIMONY OF DAVID HARTMAN, PH.D.**

Defendants, ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING L.P., by their attorneys, Maureen A. McGuire and Timothy J. Murphy, submit this memorandum in opposition to the Motion in Limine filed by plaintiffs to bar David Hartman, Ph.D. from testifying at trial.

INTRODUCTION

Plaintiffs assert they have been precluded from conducting an investigation into Dr. David Hartman's prior testimony and thus, he should not be permitted to testify at trial. The designation and presentation of Dr. Hartman as a witness so close to the trial date was created by the plaintiffs' delay tactics. Any prejudice asserted by the plaintiffs is self created. Dr. Hartman was first identified to the plaintiffs in the defendants' request for a mental examination filed with this court on March 11, 2002. The examination and testing by Dr. Hartman was for both Desiree and Burl Mathias and was set for April 4 and 5, 2002. Plaintiffs' attorneys cancelled those dates, based on the extension of time given for the disclosure of experts and completion of discovery in

135

this case. The examination of the plaintiffs by Dr. Hartman was reset for April 25 and 26, 2002. Plaintiffs again cancelled that appointment. Plaintiffs' attorneys were advised that the cancellation of the testing prevented the defendants from preparing a Rule 26 expert disclosure statement for Dr. Hartman by the May 13, 2002 due date. Plaintiffs' attorneys agreed to produce the plaintiffs for testing on May 14th and 15th. May 15th was the date for close of discovery in this case. Plaintiffs met with Dr. Hartman on May 14th and 15th.

Dr. Hartman quickly analyzed the test data and prepared a 9 page written report on Burl Mathias and an 11 page written report on Desiree Mathias. These reports were incorporated into a Rule 26 disclosure statement which was delivered to the plaintiffs' attorneys on June 4, 2002. Dr. Hartman's report included his curriculum vitae listing his background, education, training and providing a list of all publications authored by him. The report also included his rate of compensation, and a listing of all materials and tests considered by Dr. Hartman in the preparations of his opinions. At the same time that this report was tendered to the plaintiffs, the plaintiffs were advised of Dr. Hartman's availability for deposition on June 12th, 13th and 14th.

On June 5, 2002, Mr. Stamatis, one of plaintiffs' attorneys advised that he wished to depose Dr. Hartman on June 13, 2002 and that a list of prior cases on which Dr. Hartman had testified either by deposition at trial within the proceeding 4 years had not been included in the report. Dr. Hartman was advised by telephone of the selection of the June 13th deposition date and of the need to provide the list of cases, which was acknowledged by Dr. Hartman in his letter of June 5, 2002. On June 11, 2002, Mr. Murphy reminded Dr. Hartman of the need to provide the list of cases. Dr. Hartman appeared for his deposition on June 13, 2002, at which time he produced a case list identifying 45 prior cases in which he gave either a deposition or testimony at trial. Thereafter, plaintiffs filed a motion to bar Dr. Hartman objecting to the completeness of

the list of prior cases provided by Dr. Hartman. On June 17th, plaintiffs filed a motion to bar expert testimony which motion was heard on June 24, 2002. At that hearing, Judge Lefkow ordered Dr. Hartman to supplement the list of prior cases and to arrange for a deposition of Dr. Hartman prior to July 10, 2002. On June 26, 2002, Dr. Hartman spent an entire day going through his records and produced a supplemental list identifying additional patients for whom he did evaluations and the name of the law firm who referred that patient to him. Plaintiffs were immediately advised of Dr. Hartman's availability for deposition on July 1, 2002. On June 28, 2002, the supplemental list of records was hand delivered to the plaintiffs. Thereafter, Mr. Stamatis informed Mr. Murphy that he did not intend to proceed with the deposition on July 1, 2002. Plaintiffs made no further contact with the defendants with regards to scheduling a deposition of Dr. Hartman for a date after July 1st, but before the July 10, 2002 completion date set by this court.

The Affidavit of Dr. Hartman attached hereto and incorporated herein demonstrates that the information provided in the supplemental list of patients and referring attorneys is based on his review of all of his files for the purpose of compliance with Federal Rule of Civil Procedure 26. Further, the Affidavit evidences that he spent 6 to 7 hours reviewing the records in order to provide this information. The Affidavit also demonstrates that Dr. Hartman does not have access to depositions or billing records that reference a case number for his patients.

ARGUMENT

The determination of whether a violation of a rule requiring disclosure of an expert's opinions in a discovery report is justified or harmless is entrusted to the broad discretion of the trial court. Mid America Tablewares, Inc. v. Mogi Trading Co., Ltd., 100 F. 3d 1353 (7th Circuit 1996). Where exclusion of evidence or refusal to allow a delinquent party to support or oppose

designated claims or defenses would have the same effect as an order of dismissal or default, such sanctions ordinarily should not be imposed unless the offending party demonstrates flagrant bad faith and callous disregard of its responsibilities or unless its disobedience constitutes a willful and direct flaunting of the court's authority. State of Ohio v. Arthur Anderson & Company, 570 F. 2d 1370 (10th Circuit 1978) Troyer v. Karcagis, 488 F. Supp. 12,000 (S.D.N.Y. 1980).

Plaintiffs seek the exclusion of Dr. Hartman's testimony despite the fact that they were given a complete report of the doctor's opinions, a listing of the 12 different neuropsychological tests performed on the plaintiffs which form the basis thereof, and the list of prior patients whom Dr. Hartman consulted with, which list was provided to the very best of his ability. Dr. Hartman's deposition went forward 9 days following the filing of the expert report, after the close of discovery, due to plaintiffs' failure to appear for testing. Where both sides contribute to scheduling difficulties, the exclusion of defendants' expert testimony is unwarranted. Sherrod v. Lingle, 223 F. 3d 605 (7th Circuit 2000).

The test for this court is whether this report is sufficiently complete and detailed in compliance with the rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced. Smith v. State Farm Fire & Casualty Co., 164 F.R.D. 49 (S.D.W.V. 1995). The plaintiffs' request effectively asks this court to impose Rule 37(c)(1) sanction for violation of Rule 26(a)(2)(b). Courts may exercise their discretion to exclude or not to exclude testimony under the "substantial justification" and harmless error exceptions of Rule 37(c)(1). Orjias v. Stevenson, 31 F. 3d 995, 105 (10th Circuit 1994).

Plaintiffs rely upon the case of Coleman v. Dydula, 190 F.R.D. 316, 318 (W.D.N.Y. 1999). In that case, defendants moved to bar plaintiffs' economist from testifying due to an

inadequate disclosure statement. In opposition to the motion, an Affidavit of the expert stating he had never been asked to provide the information was submitted along with a statement that he does not maintain records containing a list of case names or numbers. This Affidavit was submitted in lieu of any attempt by the expert to supplement his prior disclosure as ordered by the court. The court granted the expert an additional 3 weeks in which to amend his report and provide a list of the cases. Those facts are distinguishable from the situation presented herein. First, Dr. Hartman made an immediate attempt to provide additional information and submitted it to the plaintiffs. Second, Dr. Hartman's Affidavit demonstrates his good faith effort to comply with the order of this court. Third, Dr. Hartman was offered for deposition on July 1, 2002, within the time prescribed by this court, which deposition plaintiffs declined to pursue.

Plaintiffs also rely upon the case of Nguyen v. IBP, Inc., 162 F.R.D. 675, 681 (D.Kan. 1995). In Nguyen, the expert disclosure of Nathan Shechter, M.D., included an incomplete curriculum vitae without any listing of publications. The list of prior patients provided by Dr. Shechter covered a period of less than 3 years rather than 4 years as required by rule. No facts were supplied to the court evidencing the expert's efforts to comply with Rule 26. As demonstrated by the Affidavit of Dr. Hartman attached hereto, Dr. Hartman reviewed all of his files for evaluations done over the last 4 years to obtain all available information to comply with this rule. Evidence shows that he spent between 6 and 7 hours reviewing the files to obtain this information, which included the files, billing records, and case reports. Dr. Hartman's Affidavit also demonstrates that there are no depositions or other pleadings or correspondence which would enable him to provide case numbers for these patients. As the court will note, Dr. Hartman's report for both Desiree and Burl Mathias does not include a case number, only the

name of the referring attorney. Thus, the facts in the instant case are distinguishable from Nguyen.

Plaintiffs also cite the case of Palmer v. Rhodes Machinery, 187 F.R.D. 653 (N.D. OK. 1999). In Palmer, the defendant filed a motion requesting that the court excuse defendant's expert from the requirement of providing a list of prior cases. The defendant asserted that a list of 169 cases covering an approximate 3 year period in which the doctor testified at trial was posted on an internet site and available to the plaintiff by that means. The internet list only included cases that went to trial and did not include cases in which the doctor was deposed. The defendant supplied no direct information from the doctor by way of Affidavit or other information to support an assertion that he would incur substantial costs in compiling a list and that supplying such a list would interfere with the scheduled trial date. Because of this, the court denied defendant's request to excuse his medical expert from compliance with the rule. Plaintiffs' assertion that an order barring the witness from testifying at trial was entered in Palmer is a blatant misrepresentation and is clearly wrong.

In its consideration of the plaintiffs' motion, this court should consider whether there has been substantial justification shown for the inability of Dr. Hartman to provide case numbers, whether there has been good faith on behalf of the defendants in making the disclosure and also of the opponents in opposing the introduction of the evidence, whether the actions were willful or negligent, and whether there was any prejudice suffered by the plaintiffs. *Emerging Expert Issues Under the 1993 Disclosure Amendments to the Federal Rules of Civil Procedure,* G. Joseph, 164 F.R.D. 97 (1996). Under the time constraints created by the plaintiffs' numerous delays before finally submitting to neuropsychological testing to allow defendants to complete discovery of the plaintiffs' claim of psychological damages, Dr. Hartman's cooperative and

expedient response in this case demonstrates good faith on his part to comply with the requirements of Rule 26. Dr. Hartman appeared for a deposition, and also made himself available for another deposition as ordered by this court. The plaintiffs, having created the time crunch, now assert that they are unable to conduct any investigation into Dr. Hartman's background or prior testimony for the purpose of cross examination. Plaintiffs submit no evidence to this court of their efforts to obtain such information, of their initiation of any inquiry into those cases for which case numbers were available, or that their ability to cross examine Dr. Hartman at his deposition was compromised. The plaintiffs' actions in this case call into questions their good faith in the filing of this motion at the eleventh hour that effectively precluded the ability of the defendants to cure a technical violation of Rule 26.

WHEREFORE, defendants, ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING L.P., respectfully request this honorable court to deny plaintiffs' motion in limine barring Dr. David Hartman from testifying at trial.

Respectfully submitted,

MacCabe & McGuire

By: [signature]
One of Attorneys for Defendant

Timothy J. Murphy
MacCabe & McGuire
77 W. Wacker Drive
Suite 3333
Chicago, IL 60601
Telephone: 312-357-2600
Facsimile: 312-357-2600
M:\ORANGE\51-100\-155\def memo opposing mot in lim to bar hartman testimony.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

BURL MATHIAS and DESIREE MATHIAS,

Plaintiffs,

v.

ACCOR ECONOMY LODGING d/b/a MOTEL 6,

Defendants.

No. 01 C 6329

Judge Joan Lefkow
Magistrate Judge Ashman

**AFFIDAVIT OF DAVID E. HARTMAN, PH.D.**

STATE OF ILLINOIS )
)
COUNTY OF COOK )

I, David E. Hartman, Ph.D., being duly sworn on oath do hereby affirm and state as follows:

1. The list of cases provided to the plaintiffs' attorneys at my deposition was previously submitted with an expert disclosure for Elsa Villalba, and accepted by Magistrate Nan Burns.

2. Upon being informed of the need to supplement that list, I spent almost seven hours reviewing my case files to obtain all available information regarding patients for whom I did evaluations and provided testimony either by deposition or trial over the last 4 years. The information provided in the supplemental list to Mr. Murphy includes all available information from my files regarding the names of clients and the law firms for whom work was performed.

3. My files contain no correspondence that discloses case numbers for any matter not previously identified.

EXHIBIT A

4. My files contain no pleadings that identify case numbers other than those already provided.

5. A review of my billing records revealed no case numbers other than those already provided.

6. I do not have possession of any deposition transcripts which would supply additional information regarding the matters listed in the supplemental disclosure.

7. I was available for a deposition n July 1, 2002. Mr. Murphy informed me that Mr. Stamatis elected not to proceed on that date.

Further affiant sayeth naught.

David E. Hartman

Subscribed and sworn to before me

This 17th day of July, 2002.

Notary Public

Official Seal
Timothy J Murphy
Notary Public State of Illinois
My Commission Expires 07/28/06

Timothy J. Murphy
MacCabe & McGuire
77 West Wacker Drive, Suite 3333
Chicago, IL 60601
Phone: 312-357-2600
Fax: 312-357-0317
M:\ORANGE\57-1078-1\Daff\david dr hartman.doc