IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: 01 C 6329 |
| ) | |
| ACCOR ECONOMY LODGING, INC. ) | Judge Joan Lefkow |
| and MOTEL 6 OPERATING L.P. ) | Magistrate Judge Ashman |
| ) | |
| Defendants. ) | |

FILED
JUL 1 8 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED
JUL 1 9 2002

### REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO BAR EXPERT TESTIMONY OF DAVID HARTMAN

Plaintiffs, BURL MATHIAS and DESIREE MATHIAS, by their attorneys, hereby reply to defendants' response to our Motion In Limine To Bar Expert Testimony of David Hartman as follows:

### DEFENDANTS CONCEDE THEY HAVE FAILED TO SATISFY THEIR RULE 26 DISCLOSURE OBLIGATIONS

Its hard to imagine how Federal Rule of Civil Procedure 26 could be any more direct when it requires the proponent of a testifying expert to provide opposing counsel with a list of all cases in which the expert has testified in the previous four years. While the multi-billion dollar corporate defendants concede in this litigation that their report is incomplete, they seek to be excused from their Rule 26 obligations by drawing a red herring at the court house door to distract this Court from defendants' non-compliance - that somehow their admitted failure to disclose Hartman's prior testimony is the fault of Burl Mathias and Desiree Mathias, or even more incredibly, that their failure to

1

136

sufficiently vet their professional expert prior to retaining him, as early as February of 2002, is somehow "justified."[1]

Despite the fact that defendants have again tried spouting calumny to shift the focus from their obvious non-compliance, they cannot escape the fact that their actions have prejudiced defendants in that they have <u>failed to provide a complete list</u> of their expert's prior cases, <u>failed to identify the venue</u> of even one of cases they did name, <u>failed to provide a case name</u> for 52 out of 104 of the listed cases, <u>failed to provide a case number</u> in three out of four cases identified, and <u>failed to describe whether the expert's prior testimony was at trial, deposition or both</u> in over one-half of the cases listed. Hartman, therefore, has not met the conditions precedent to being able to testify and should not be so permitted. *Coleman v. Dydula,* 190 F.R.D. 316, 318 (W.D. N.Y. 1999) *citing to Hilt v. SFC Inc.,* 170 F.R.D. 182, 185 (D.Kan. 1997).

Again, by defendants' own actions, they have precluded plaintiffs from investigating the extent and content of their expert's prior testimony. The Federal Rules contemplate this occurrence and preclude such a witness from testifying at trial. *Nguyen v. IBP, Inc.* 162 F.R.D. 675 (D. Kan. 1995)

WHEREFORE, Plaintiffs, Burl Mathias and Desiree Mathias, respectfully request this Honorable Court enter an order, *in limine,* granting Plaintiffs the following relief:

A. Finding that Defendants have failed to comply with the requirements of F.R.C.P. 26(a)(2);

B. Finding that Defendants have *no justification* for failing to comply with the mandates of F.R.C.P. 26(a)(2);

---

[1] Hartman's failure to disclose his prior testimony has nothing to do with the date he examined Desiree and Burl Mathias. Indeed, Hartman admitted that even though defendants hired him around February or March of 2002, defendants' counsel *never asked him* for any information about his prior testimony until over three months had passed and only "two or three days" before his June 13, 2002 deposition.

C. Finding that Defendants failure to comply with F.R.C.P. 26(a)(2) was *not harmless*;

D. Sanctioning Defendants, pursuant to F.R.C.P. by debarring them from using as evidence at a trial, at a hearing, and/or on a motion, any evidence whatsoever, by testimony or otherwise, from Hartman;

E. Granting Plaintiffs such other and further relief as this Court deems equitable and just.

_____
One of the attorneys for Burl and Desiree Mathias

PETER S. STAMATIS
Law Offices of Peter Stamatis, P.C.
77 West Wacker Drive
Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 606-0045
Facsimile: (312) 606-0085

ROBERT P. CUMMINS
THOMAS CRONIN
Cummins & Cronin, LLC
77 West Wacker Drive, Ste. 4800
Chicago, Illinois 60601
Telephone: (312) 578-0500
Facsimile: (312) 578-1234

3