Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6329 | DATE | 7/22/2002 |
| CASE TITLE | Mathias vs. Accor Economy Lodging, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Rulings on Motions in Limine. Defendants' motions in limine are granted and denied as stated in the Ruling.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 3 2002 date docketed | 138 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUL 23 AM 8:14 | 7/22/2002 date mailed notice | |
| MD courtroom deputy's initials | | FILED-TD-10 Date/time received in central Clerk's Office | MD mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING L.P., | ) ) ) |
| Defendants. | ) |

Case No.: 01 C6329
Judge Joan H. Lefkow

DOCKETED
JUL 23 2002

## RULINGS ON MOTIONS IN LIMINE

**1. Defendants' Motion in Limine to bar testimony regarding the financial status of IBL Limited, Inc. is GRANTED.** While evidence of defendants' net worth is admissible to determine punitive damages, plaintiffs have not shown why the financial records of IBL (defendants' parent company and non-party to this suit) are relevant. A corporation is a separate and distinct legal entity from its corporate affiliates. *Three Way Drywall, Inc. v. Spoons Restaurant, Inc.* 1987 WL 8158 (N.D.Ill. 1987) (citing *Main Bank of Chicago v. Baker*, 86 Ill.2d 188, 204, 427 N.E.2d 94, 101 (1981)). Although separate identity will be ignored where necessary to avert fraud or where one corporation is merely an instrumentality of another corporation, *id.* (citing *Walker v. Dominick's Finer Foods, Inc.*, 92 Ill. App.3d 645, 649, 415 N.E.2d 1213, 1217 (1981)), plaintiffs have not offered any evidence of fraud much less any evidence of the nature of the relationship between parent corporation IBL and defendants. Therefore, defendants' motion is granted.

**2. Defendants' Motion in Limine to bar evidence of insects in motel rooms other than the room where the incident occurred is DENIED.** Defendants argue that previous occurrences in which guests of Motel 6 were transferred from room to room or received cash refunds due to infestations and incidents where exterminators provided service to control insects in rooms other than where the incident occurred are not relevant. Defendants argue the incident at issue in this case is unique because in this case the room was taken out of service, scheduled for extermination and inadvertently rented to motel guests. Defendants further request exclusion of evidence of previous incidents involving insects not proven to be the same type as the insects which allegedly bit plaintiffs, arguing there is no proof that the previous incidents involved *Cimex lectularius*. Plaintiffs respond that defendants' argument that the incident was due to "inadvertence" makes evidence of the origins and extent of infestation directly relevant to each count. However, plaintiffs do not directly respond to defendants' request to exclude evidence of incidents of infestation where the insects are not proven to be *Cimex lectularius*. This court

agrees that evidence of continuous infestation with insects (including insects other than *Cimex lectularis*) in multiple rooms on multiple floors in two years prior to the Mathiases' arrival makes the determination of all six counts more probable. The court further agrees with plaintiffs as they argue the evidence may be admitted for Federal Rule of Evidence 404(b) purposes of showing absence of mistake. All four prongs of Rule 404(b) are met as the evidence sought to be excluded (1) establishes the defendants' knowledge of a dangerous condition and absence of mistake or accident, (2) is evidence primarily from the months immediately prior to Mathiases' arrival, (3) shows that defendants repeatedly placed invitees in infested rooms and that it shows the defendants committed the same act towards the Mathiases, and (4) the probative value is not outweighed by the danger of unfair prejudice. The motion is therefore denied.

**3. Defendants' Motion in Limine to bar advertising material is GRANTED.** Defendants argue that representations made in advertising material should be excluded as they are not relevant to the plaintiffs' ability to establish an action for either common law fraud (Count III) or violation of the Illinois Consumer Fraud Act (Count IV). Plaintiffs respond that they seek to introduce the marketing materials to support Count IV, so this court will address the evidence defendants seek to be excluded as it relates to that count. Complaints under the ICFA are proper where they state who made a purported misrepresentation, when and where such representation was made, and how the representation was communicated. *Gallagher Corp. v. Mass. Mutual Life Ins. Co.*, 940 F.Supp. 176, 180 (N.D. Ill.1996). Plaintiffs' second amended complaint makes no allegation that advertising material was a specific communication by which the misrepresentations took place. Such evidence is therefore not admissible to prove Count IV. The motion is therefore granted.

**4. Defendants' Motion in Limine to bar any reference to the proposal of Ecolab that Motel 6 engage in a comprehensive "room sweep" is DENIED.** Defendants argue this evidence is irrelevant and prejudicial. Plaintiffs respond that all six counts of plaintiffs' second amended complaint are supported by this evidence and specifically outline how it affects two of the counts, namely Counts V (gross negligence) and IV (negligence). Plaintiffs also argue the evidence is admissible under Rule 404(b) because it shows a refusal to remedy a dangerous condition and absence of mistake or accident on defendants' part when they rented Room 504 to the Mathiases. This court agrees that the evidence is relevant to the issues at hand. The motion is therefore denied.

**5. Defendants' Motion in Limine to bar expenses contained in schedule 2(G) of the pre-trial order is DENIED.** Defendants argue that plaintiffs provided no detail as to when these expenses were incurred, nor did plaintiffs indicate which expenses can be allocated to Burl Mathias and Desiree Mathias, respectively. Plaintiffs respond that they have properly submitted all relevant information, and this court agrees. The plaintiffs may testify regarding the expenses contained in schedule 2(G) of the pre-trial order. The motion is therefore denied.

**6. Defendants' Motion in Limine to bar evidence of a previous incident involving Carolyn Stanley is GRANTED.** Plaintiffs seek admission of this evidence to support Count V for willful and wanton negligence and argue it is also admissible under FRE 404(b). First, as defendants argue, in the context of a count for willful and wanton negligence, relevancy hinges on whether the evidence of a previous occurrence comes from a "substantially similar incident." *Bastian v. TPI Corporation*, 663 F.Supp. 474, 477 (N.D. Ill. 1987) (citing *Ballweg v. City of Springfield*, 114 Ill.2d 107, 114-115, 499 N.E.2d 1373, 1376, 102 Ill. Dec. 360 (1996)). To determine the degree of similarity, the court must consider the theory of the plaintiffs' case and the purpose for which the evidence is used. *In Re Aid Crash Disaster at Sioux City Iowa*, 1991 WL 279005 (N.D.Ill. 1991). The plaintiffs argue that the evidence from the Carolyn Stanley incident will show that defendants had knowledge of the seriousness of exposing guests to an infestation, but fail in proving a substantial similarity between the two incidents. The Carolyn Stanley incident occurred four years before and in a different motel in a distant state from the incident in question. Further, Ms. Stanley made the complaint six months after her stay at the motel, and all liability with that incident is denied by Motel 6.

Evidence of a defendant's other acts or wrongs are inadmissible to prove action in conformity therewith under FRE Rule 404(b). However, such evidence is admissible to show the defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). In order for such evidence to be admissible, the other act must be similar enough and close enough in time to be relevant to the matter in issue. *U.S. v. Conley* 291 F.3d 464, 472 (7th Cir. 2002). Because the act sought to be introduced is a single incident that occurred four years prior to the incident at issue and occurred in a different state, Rule 404(b) precludes admission of the Carolyn Stanley incident. The motion is therefore granted.

**7. Defendants' Motion in Limine to bar any references to lost wages or lost business opportunities is DENIED.** The plaintiffs have testified that the injuries caused them to miss work and lose income. This testimony is admissible. The jury is to determine its weight. The motion is therefore denied.

**8. Defendants' Motions in Limine to bar certain opinions of Dr. Robert J. Novak, Dr. Jacqueline Roig, and Dr. Stephen Dinwiddie are DENIED.** The court is not persuaded that the witnesses are not capable of giving testimony that would assist the jury. That defendants' experts take a different view merely poses a question of fact for the jury. Therefore, the motion is denied.

**9. Plaintiffs' Motion in Limine to bar expert testimony of Dr. David Hartman is DENIED.** Defendants' have failed to fully comply with the requirement of Fed. R. Civ. P. 26(a)(2)(b) to provide "a listing of . . . cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Although defendants' "explanation" for their failure – primarily to blame plaintiffs for delay rather than accept their clear responsibility under the Rule – is certainly unacceptable, and the court is puzzled why Dr. Hartman, who regularly serves as an expert witness, does not have the information readily available, it will not exclude the witness. The penalty under Rule 37 contemplates exclusion of use of the omitted disclosure at trial. Of course, the sanction of exclusion of omitted disclosure would serve no purpose here. Exclusion of the witness here, in light of the expert's affidavit that he spent a great deal of time attempting to comply, would be an overly harsh sanction where plaintiffs have not attacked the

qualifications of the expert to give opinion testimony. The court, therefore, will allow plaintiffs to reveal defendants' non-compliance with the Rule for the purpose of impeachment.

ENTER:

/s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 22, 2002

4