IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

FILED
AUG 9 - 2002
JUDGE JOHN W. DARRAH
UNITED STATES DISTRICT COURT

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS,<br><br>Plaintiffs,<br><br>v.<br><br>ACCOR ECONOMY LODGING, INC. and<br>MOTEL 6 OPERATING L.P.<br><br>Defendants. | No. 01 C 6329<br><br>Judge Joan Lefkow<br>Magistrate Judge Ashman |

DOCKETED
AUG 14 2002

## MOTION FOR STAY OF EXECUTION AND ENFORCEMENT OF JUDGMENT

Defendants, ACCOR ECONOMY LODGING, INC. ("ACCOR") and MOTEL 6 OPERATING L.P., ("MOTEL 6"), by their attorneys, Maureen A. McGuire and Timothy J. Murphy, move this Honorable Court pursuant to Federal Rule of Civil Procedure 62 (b) to stay the execution and enforcement of the judgment entered in favor of plaintiffs pending the disposition of their Motion to Alter or Amend the Judgments. In further support of their motion, defendants state as follows:

1. Judgment was entered by the Honorable Judge Lefkow in favor of plaintiffs, Burl and Desiree Mathias and against defendants on August 2, 2002.

2. Defendants timely filed a Motion to Alter and Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e) because the judgments entered against them were improper under the evidence and testimony presented at trial.

3. When considering a stay under the federal rules a court must address (1) whether the appellant has made a strong showing that he is likely to succeed on appeal, (2) whether the appellant will be irreparably harmed absent a stay, (3) whether issuance of a stay will substantially injure other parties interested in the proceeding, and (4) where the public interest lies. Hilton v. Braunskill, 481

1

U.S. 770, 95 L.Ed. 2d 724, 107 S.Ct. 2113 (1987); Glick v. Koenig, 766 F.2d 265, 269 (7th Cir. 1985).

4. In the instant case, defendants are likely to succeed on their Motion to Alter as punitive damages were improperly presented to the jury and were excessive among other errors. Furthermore, defendants will incur substantial injury as is indicated in the Affidavit of Charles Wilson, attached hereto and made a part hereof. Specifically, plaintiffs are private individuals and defendants will have no security the funds will be returned in the event the judgment is altered or they succeed on appeal. Plaintiffs, however, will not be prejudiced by this stay because defendants are financially solvent. In fact, plaintiffs repeatedly emphasized defendants' financial security during the course of this trial. Finally, the stay allows defendants to challenge an improper judgment and promotes the public policy of fair and just proceedings. For the foregoing reasons, the judgment should be stayed pending the disposition of defendants' motions.

WHEREFORE, defendants ACCOR ECONOMY LODGING, INC. ("ACCOR") and MOTEL 6 OPERATING L.P., ("MOTEL 6"), by their attorneys, Maureen A. McGuire and Timothy J. Murphy, respectfully request that this Court enter an order staying execution of any proceeding to enforce the judgment entered in favor of plaintiffs pending disposition of their Motion to Alter of Amend.

Respectfully submitted,

MacCabe & McGuire

By: _____

One of the attorneys for the Defendant,
ACCOR ECONOMY LODGING, INC. and
MOTEL 6 OPERATING L.P.

Maureen A. McGuire
Timothy J. Murphy
MacCabe & McGuire
77 W. Wacker Drive, Suite 3333
Chicago, Illinois 60601
Telephone: 312-357-2600
Facsimile: 312-357-0317

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BURL MATHIAS and DESIREE MATHIAS,<br><br>                              Plaintiffs,<br><br>v.<br><br>ACCOR ECONOMY LODGING, INC. and MOTEL 6 OPERATING L.P.<br><br>                              Defendants. | No. 01 C 6329<br><br>**Judge Joan Lefkow**<br>**Magistrate Judge Ashman** |

### Affidavit of Charles Wilson

STATE OF TEXAS      )
                                 )
COUNTY OF DALLAS  )

Charles Wilson, being first duly sworn, on oath states as follows:

1. I am staff counsel for Accor Economy Lodging, Inc., (hereinafter "Accor"), a party in the above-captioned action.

2. Judgment was entered on a jury verdict on August 2, 2002, in favor of plaintiffs, Burl and Desiree Mathias and against defendants.

3. The punitive damages portion of the judgment was erroneous given the evidence and testimony presented at trial.

4. Defendants have filed a Motion to Alter or Amend the Judgment pursuant to F.R.A.P. 59 (e).

5. Defendants will be irreparably harmed if an order is not entered staying the execution of the judgments against them until disposition of their Motion to Alter and Amend. If defendants succeed on the Motion to Alter or Amend or on appeal, they have no security any funds tendered will be returned.

6. Defendants are both solvent corporations and plaintiffs will be able to receive their full judgments following the disposition of the Motion to Alter or Amend unless the judgments are altered. Further, defendants are prepared to submit a supersedeas bond to secure the judgment if directed by this Court.

Further affiant sayeth naught.

_____
Charles Wilson

Subscribed and sworn to before me

This _____ day of _____, 2002.


_____
Notary Public